TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA
Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

PARANEE SARIKAPUTAR, and
PHOUVIENGSONE SYSOUVONG,
a/k/a Tukta Phouviengsone,
*on behalf of themselves and others similarly situated*
                                        Plaintiffs,

                    v.

VERATIP CORP
        d/b/a ThaiNY,
        d/b/a M-Thai,
        d/b/a Thai Rice and
        d/b/a Tom Yum;
J AKIRA LLC
        d/b/a ThaiNY,
        d/b/a M-Thai,
        d/b/a Thai Rice and
        d/b/a Tom Yum;
THAINY RESTAURANT LLC
        d/b/a ThaiNY,
        d/b/a M-Thai,
        d/b/a Thai Rice and
        d/b/a Tom Yum;
NINETY-NINE PLUS CORP
        d/b/a ThaiNY,
        d/b/a M-Thai,
        d/b/a Thai Rice and
        d/b/a Tom Yum;
9999 MIDTOWN CORP
        d/b/a ThaiNY,
        d/b/a M-Thai,
        d/b/a Thai Rice and
        d/b/a Tom Yum;
PERAPONG CHOTIMANENOPHAN
        a/k/a Peter Chotimanenophan;
SHUE-LEE CHENG LI;
MICHAEL P BRONSTEIN and

**Case No: 17-cv-00814**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

CHARDENPONG OONAPANYO,

Defendants.

-------------------------------------------------------------x

Plaintiffs PARANEE SARIKAPUTAR, and PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone (hereafter referred to as "Plaintiffs"), on behalf of themselves and other similarly situated, by and through his attorney, Troy Law, PLLC, hereby bring this complaint against Defendants VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan; SHUE-LEE CHENG LI; MICHAEL P BRONSTEIN; and CHARDENPONG OONAPANYO, and allege as follows:

## **INTRODUCTION**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3.    Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4.    Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wage/ minimum wage, (2) unpaid overtime wage compensation, (3) rehiring or reinstatement of the employee to his or her position with restoration of seniority or an award of front pay in lieu of reinstatement, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5.    Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:  (1) unpaid wage/ minimum wage, (2) unpaid overtime wage compensation, (3) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

6.    Plaintiffs PARANEE SARIKAPUTAR, and SUPUNNEE SUKASAWETT further allege

that pursuant to NYLL §215 that they are entitled to rehiring or reinstatement of the employee to his or her position with restoration of seniority or an award of front pay in lieu of reinstatement under 29 U.S.C. §216 and NYLL §215.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

9. Plaintiff PARANEE SARIKAPUTAR ("SARIKAPUTAR") was employed by VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice as a chef.

10. Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone ("SYSOUVONG") was employed by VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice as a chef.

## DEFENDANTS

*Corporate Defendants*

11. Defendant VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a domestic business corporation organized under the laws of the State of New York with a principal address at 161 East 28th Street, Ste 3, New York, NY 10016.

12. VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice purchased and handled goods moved in interstate commerce.

14. Defendant J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a domestic business corporation organized under the laws of the State of New York with a principal address at 161 East 28th Street, Ste 3, New York, NY 10016.

15. J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

16. J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice purchased and handled goods moved in interstate commerce.

17. Defendant THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a domestic business corporation organized under the laws of the State of New York with a principal address at 161 East 28th Street, Ste 3, New York, NY 10016.

18. THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

19. THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice purchased and handled goods moved in interstate commerce.

20. Defendant NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a domestic business corporation organized under the laws of the State of New York with a principal address at 161 East 28th Street, Ste 3, New York, NY 10016.

21. NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

22. NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice purchased and handled goods moved in interstate commerce.

23. Defendant 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a domestic business corporation organized under the laws of the State of New York with a principal address at 161 East 28th Street, Ste 3, New York, NY 10016.

24. 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

25. 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice purchased and handled goods moved in interstate commerce.

### *Owner/ Operator Defendants*

26. The Individual Defendant is an officer, director, manager, majority shareholder and/or owner of the Corporate Defendants VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE

PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

27. As one of the ten largest shareholders, the officer, director, manager, majority shareholder and/or owner is individually responsible for unpaid wages under the New York Business Corporation Law.

28. Owner/ Operator Defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan, known to Plaintiffs as the "consultant" at ThaiNY, M-Thai and Thai Rice, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

29. Upon personal knowledge of Plaintiff, Owner/ Operator Defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

30. Owner/ Operator Defendant SHUE-LEE CHENG LI, known as "Mrs. Lee" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

31. Upon information and belief, SHUE-LEE CHENG LI is married to VICTOR W. LEE.

32. Owner/ Operator Defendant SHUE-LEE CHENG LI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

33. Owner/ Operator Defendant MICHAEL P BRONSTEIN, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

34. Owner/ Operator Defendant MICHAEL P BRONSTEIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

35. Owner/ Operator Defendant CHARDENPONG OONAPANYO, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employee records.

36. Owner/ Operator Defendant CHARDENPONG OONAPANYO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

37. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

38. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

***Defendants VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan; SHUE-LEE CHENG LI; MICHAEL P BRONSTEIN; and CHARDENPONG OONAPANYO Constitute Joint Employers, and/or Successor Employers***

39. Corporate Defendants VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a

M-Thai, and d/b/a Thai Rice; and Individual Defendants PERAPONG

CHOTIMANENOPHAN a/k/a Peter Chotimanenophan; SHUE-LEE CHENG LI;

MICHAEL P BRONSTEIN; and CHARDENPONG OONAPANYO, are joint employers,

and further, the Corporate Defendants constitute an enterprise as the term is defined by 29

USC §203(r) insofar as the three restaurants doing business at four locations:

    a. Share employees among the four locations;

    b. Assign employees to work at one or more locations on a weekly schedule set by
Owner/ Operator Defendants depending on need, including Plaintiffs;

    c. Pay employees using a common paycheck for the weeks' work using corporate
Defendant J AKIRA LLC d/b/a ThaiNY;

    d. and are otherwise engaged in related activities performed through unified operation
and/or common control for a common business purpose, and are co- owned by the
same partners.

### *Plaintiff PARANEE SARIKAPUTAR*

40. From on or about November 1, 2011 to December 23, 2016, Plaintiff PARANEE
SARIKAPUTAR worked as a cook for VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, and
d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; THAINY
RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; NINETY-NINE
PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; 9999 MIDTOWN CORP
d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

41. At all relevant times, Plaintiff PARANEE SARIKAPUTAR was not paid spread-of-hours
for all days in which she worked over ten (10) hours in a workday.

42. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff

PARANEE SARIKAPUTAR and similarly situated employees with Time of Hire Notice in English and in Thai (Plaintiff's primary language) reflecting true rates of pay and payday.

43. At all relevant times, Defendants knowingly and failed to provide Plaintiff PARANEE SARIKAPUTAR and similarly situated employees with paystubs that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in English and in Thai (Plaintiff's primary language), as required by NYLL §195(1).

44. At all relevant times, Defendants failed to pay Plaintiff PARANEE SARIKAPUTAR for all hours worked.

45. At all relevant times, whenever Defendants paid Plaintiff PARANEE SARIKAPUTAR in check, Defendants post-dated the check.

46. At all relevant times, whenever Defendants paid Plaintiff PARANEE SARIKAPUTAR in check, Defendants would make Plaintiff PARANEE SARIKAPUTAR to hold the check until such time when the Defendants are ready to exchange the check for cash.

47. At all relevant times, when Plaintiff PARANEE SARIKAPUTAR complained to PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan of Defendant's nonpayment of wages orally or via text message, PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan would within days of her request retaliate against Plaintiff PARANEE SARIKAPUTAR by first reducing the number of hours that she worked, and then terminating her employment with ThaiNY, M-Thai, and Thai Rice.

48. Defendants know or ought to know that such hour and pay reduction would dissuade a "reasonable worker" from making a complaint that puts the employer on notice that the

Plaintiff is asserting her rights under the FLSA and NYLL to be paid her rightfully due wages.

49. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff PARANEE SARIKAPUTAR worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

50. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

**2011/11/01-2014/10/31**

51. From on or about November 1, 2011 to October 31, 2014, Plaintiff PARANEE SARIKAPUTAR worked for ThaiNY at 394 Third Avenue, New York, NY 10016.

52. From on or about November 1, 2011 to on or about October 31, 2014, Plaintiff PARANEE SARIKAPUTAR's regular work schedule ran from:

    a. 12:00 to 23:00 during the weekdays for eleven (11) hours a day and

    b.12:00 to 24:00 during the weekends for twelve (12) hours a day.

53. From on or about November 1, 2011 to on or about October 31, 2014, Plaintiff PARANEE SARIKAPUTAR had no break.

54. From on or about November 1, 2011 to on or about October 31, 2014, Plaintiff PARANEE SARIKAPUTAR worked five (5) days each week for Defendants.

55. From on or about November 1, 2011 to on or about October 31, 2014, Plaintiff worked around fifty seven (57) hours each week.

56. From on or about November 1, 2011 to October 31, 2012, Plaintiff PARANEE SARIKAPUTAR was paid a flat compensation of five hundred dollars ($500) each week.

57. From on or about November 1, 2012 to October 31, 2013, Plaintiff PARANEE
    SARIKAPUTAR was paid a flat compensation of five hundred twenty five dollars ($525)
    each week.

58. From on or about November 1, 2013 to October 31, 2014, Plaintiff PARANEE
    SARIKAPUTAR was paid a flat compensation of five hundred fifty dollars ($550) each
    week.

**2014/11/01-2015/10/31**

59. From on or about November 1, 2014 to October 31, 2015, Plaintiff PARANEE
    SARIKAPUTAR worked for M-Thai at 232 8th Avenue, New York, NY 10011.

60. From on or about November 1, 2014 to October 31, 2015, Plaintiff PARANEE
    SARIKAPUTAR's regular work schedule ran from:

    a. 11:00 to 23:00 for twelve (12) hours a day and five (5) days a week.

61. From on or about November 1, 2014 to October 31, 2015, Plaintiff worked around fifty
    seven (57) hours each week.

62. From on or about November 1, 2014 to October 31, 2015, Plaintiff had a one (1) hour
    "break" from 15:00-16:00, not fixed.

63. However, between 15:00 and 16:00, Plaintiff was required to do side work immediately
    after finishing her lunch, which she finished in ten to fifteen minutes each workday.

64. Additionally, if a customer ordered a dish during her lunch, her lunch ended early and she
    was required to go back to work.

65. As a chef, Plaintiff's side work involved making spring roll, curry puff, and creating various
    types of curry (including green curry, red curry, yellow curry, Massana curry, Penang
    curry), a 8-quart soup broth (including hot & sour and spicy soup), and salad sauce with

vinegar, and fish sauce, depending on the restaurant need.

66. During Plaintiff's side work, if a customer ordered a dish, she put her side work asides and prepared dishes for the client.

67. From on or about November 1, 2014 to October 31, 2015, Plaintiff PARANEE SARIKAPUTAR was paid a flat compensation of six hundred dollars ($600) each week.

**2015/11/01-2015/12/31**

68. From on or about November 1, 2015 to December 31, 2015, Plaintiff PARANEE SARIKAPUTAR worked for two restaurants: (1) M-Thai at its new location at 200 8th Avenue, New York, NY 10011 and (2) Thai Rice at 165 West 23rd Street, New York, NY 10011.

69. From on or about November 1, 2015 to December 31, 2015, Plaintiff PARANEE SARIKAPUTAR's regular work schedule ran from:

    a. 11:00-23:00 for twelve (12) hours a day at M-Thai at 200 8th Avenue, New York, NY 10011and

    b.11:00-22:30 for eleven and a half (11.5) hours a day at Thai Rice.

70. From on or about November 1, 2015 to December 31, 2015, Plaintiff was presumably given a break from 15:00-17:30 at M-Thai at 200 8th Avenue, New York, NY 10011.

71. From on or about November 1, 2015 to December 31, 2015, however, Plaintiff was not actually given a two and a half (2.5) hour break at M-Thai at 200 8th Avenue, New York, NY 10011.

72. From on or about November 1, 2015 to December 31, 2015, Plaintiff was expected to do side work, including making spring roll, curry puff, and creating various types of curry (including green curry, red curry, yellow curry, Massana curry, Penang curry), a 8-quart

soup broth (including hot & sour and spicy soup), and salad sauce with vinegar, and fish sauce, depending on the restaurant need at M-Thai at 200 8th Avenue, New York, NY 10011.

73. From on or about November 1, 2015 to December 31, 2015,Plaintiff had roughly fifteen (15) minutes for lunch at M-Thai at 200 8th Avenue, New York, NY 10011.

74. From on or about November 1, 2015 to December 31, 2015, Plaintiff was presumably given a break from 15:00-16:00 at Thai Rice at 165 West 23rd Street, New York, NY 10011.

75. From on or about November 1, 2015 to December 31, 2015, however, Plaintiff was not actually given a one hour break at M-Thai at 165 West 23rd Street, New York, NY 10011.

76. From on or about November 1, 2015 to December 31, 2015, Plaintiff was expected to do side work, including making spring roll, curry puff, and creating various types of curry (including green curry, red curry, yellow curry, Massana curry, Penang curry), a 8-quart soup broth (including hot & sour and spicy soup), and salad sauce with vinegar, and fish sauce, depending on the restaurant need at Thai Rice at 165 West 23rd Street, New York, NY 10011.

77. From on or about November 1, 2015 to December 31, 2015, Plaintiff had roughly fifteen (15) minutes for lunch at 165 West 23rd Street, New York, NY 10011.

78. From on or about November 1, 2015 to December 31, 2015, Plaintiff PARANEE SARIKAPUTAR was assigned to work a total of five (5) days between M-Thai and Thai Rice restaurants on the weekly schedule handed to her at the beginning of each week.

79. From on or about November 1, 2015 to December 31, 2015, Plaintiff PARANEE SARIKAPUTAR was expected to abide by the weekly schedule.

80. From on or about November 1, 2015 to December 31, 2015, Plaintiff worked around fifty

eight and three quarter (58.75) hours each week.

81. From on or about November 1, 2015 to December 31, 2015, Plaintiff PARANEE
SARIKAPUTAR was paid a flat compensation of six hundred fifty dollars ($650) each
week.

**2016/01/01-2016/08/31**

82. From on or about January 1, 2016 to August 31, 2016, Plaintiff PARANEE
SARIKAPUTAR worked for two restaurants: (1) M-Thai at its new location at 200 8th
Avenue, New York, NY 10011 and (2) Thai Rice at 165 West 23rd Street, New York, NY
10011.

83. From on or about January 1, 2016 to August 31, 2016, Plaintiff PARANEE
SARIKAPUTAR's regular work schedule ran from:

    a. 11:00-23:00 for twelve (12) hours a day at M-Thai at 200 8th Avenue, New York,
       NY 10011and

    b.11:00-22:30 for eleven and a half (11.5) hours a day at Thai Rice.

84. From on or about January 1, 2016 to August 31, 2016, Plaintiff was presumably given a
break from 15:00-17:30 at M-Thai at 200 8th Avenue, New York, NY 10011.

85. From on or about January 1, 2016 to August 31, 2016, however, Plaintiff was not actually
given a two and a half (2.5) hour break at M-Thai at 200 8th Avenue, New York, NY 10011.

86. From on or about January 1, 2016 to August 31, 2016, Plaintiff was expected to do side
work, including making spring roll, curry puff, and creating various types of curry
(including green curry, red curry, yellow curry, Massana curry, Penang curry), a 8-quart
soup broth (including hot & sour and spicy soup), and salad sauce with vinegar, and fish
sauce, depending on the restaurant need at M-Thai at 200 8th Avenue, New York, NY

10011.

87. From on or about January 1, 2016 to August 31, 2016, Plaintiff had roughly fifteen (15) minutes for lunch at M-Thai at 200 8th Avenue, New York, NY 10011.

88. From on or about January 1, 2016 to August 31, 2016, Plaintiff was presumably given a break from 15:00-16:00 at Thai Rice at 165 West 23rd Street, New York, NY 10011.

89. From on or about January 1, 2016 to August 31, 2016, however, Plaintiff was not actually given a one hour break at M-Thai at 165 West 23rd Street, New York, NY 10011.

90. From on or about January 1, 2016 to August 31, 2016, Plaintiff was expected to do side work, including making spring roll, curry puff, and creating various types of curry (including green curry, red curry, yellow curry, Massana curry, Penang curry), a 8-quart soup broth (including hot & sour and spicy soup), and salad sauce with vinegar, and fish sauce, depending on the restaurant need at Thai Rice at 165 West 23rd Street, New York, NY 10011.

91. From on or about January 1, 2016 to August 31, 2016, Plaintiff had roughly fifteen (15) minutes for lunch at 165 West 23rd Street, New York, NY 10011.

92. From on or about January 1, 2016 to August 31, 2016, Plaintiff PARANEE SARIKAPUTAR was assigned to work a total of four (4) days between M-Thai and Thai Rice restaurants on the weekly schedule handed to her at the beginning of each week.

93. From on or about January 1, 2016 to August 31, 2016, Plaintiff PARANEE SARIKAPUTAR was expected to abide by the weekly schedule.

94. From on or about January 1, 2016 to August 31, 2016, Plaintiff worked around forty seven (47) hours each week.

95. From on or about January 1, 2016 to August 31, 2016, Plaintiff PARANEE

SARIKAPUTAR was paid a flat compensation of six hundred fifty dollars ($650) if

Plaintiff worked five (5) days and five hundred and forty dollars ($540) if Plaintiff worked

four (4) days each week.

**2016/09/01-2016/09/30**

96. From on or about September 1, 2016 to September 30, 2016, Plaintiff PARANEE

SARIKAPUTAR worked for two restaurants: (1) M-Thai at its new location at 200 8th

Avenue, New York, NY 10011 and (2) ThaiNY at 394 Third Avenue, New York, NY

10016.

97. From on or about September 1, 2016 to September 30, 2016, Plaintiff PARANEE

SARIKAPUTAR's regular work schedule ran from:

    c. 11:00-22:30 for eleven and a half (11.5) hours a day at M-Thai at 200 8th Avenue,

      New York, NY 10011;

    d. 12:00-23:00 for eleven (11) hours a day at ThaiNY on Monday, Tuesday,

      Wednesday or Sunday; and

    e. 12:00-24:00 for twelve (12) hours a day for ThaiNY on Thursday, Friday and

      Saturday.

98. From on or about September 1, 2016 to September 30, 2016, Plaintiff was presumably given

a break from 15:00-17:30 at M-Thai at 200 8th Avenue, New York, NY 10011.

99. From on or about September 1, 2016 to September 30, 2016, however, Plaintiff was not

actually given a two and a half (2.5) hour break at M-Thai at 200 8th Avenue, New York,

NY 10011.

100. From on or about September 1, 2016 to September 30, 2016, Plaintiff was expected to do

side work, including making spring roll, curry puff, and creating various types of curry

(including green curry, red curry, yellow curry, Massana curry, Penang curry), a 8-quart soup broth (including hot & sour and spicy soup), and salad sauce with vinegar, and fish sauce, depending on the restaurant need at M-Thai at 200 8th Avenue, New York, NY 10011.

101.  From on or about September 1, 2016 to September 30, 2016, Plaintiff had roughly fifteen (15) minutes for lunch at M-Thai at 200 8th Avenue, New York, NY 10011.

102.  From on or about September 1, 2016 to September 30, 2016, Plaintiff was not given a break.

103.  From on or about September 1, 2016 to September 30, 2016, Plaintiff PARANEE SARIKAPUTAR was assigned to work a total of two (2) days at M-Thai and one (1) day at ThaiNY restaurants on the weekly schedule handed to her at the beginning of each week.

104.  From on or about September 1, 2016 to September 30, 2016, Plaintiff PARANEE SARIKAPUTAR was expected to abide by the weekly schedule.

105.  From on or about September 1, 2016 to September 30, 2016, Plaintiff worked around thirty five (35) hours each week.

106.      From on or about September 1, 2016 to September 30, 2016, Plaintiff PARANEE SARIKAPUTAR was paid a flat compensation of three hundred and ninety dollars ($390) if Plaintiff worked three (3) days and two hundred sixty dollars ($260) if Plaintiff worked two (2) days each week.

**2016/10/01-2016/12/25**

107.  From on or about October 1, 2016 to December 25, 2016, Plaintiff PARANEE SARIKAPUTAR worked for two restaurants: (1) M-Thai at its new location at 200 8th Avenue, New York, NY 10011 and (2) ThaiNY at 394 Third Avenue, New York, NY

10016.

108.     From on or about October 1, 2016 to December 25, 2016, Plaintiff PARANEE

SARIKAPUTAR's regular work schedule ran from:

    f. 11:00-22:30 for eleven and a half (11.5) hours a day at M-Thai at 200 8th Avenue,

      New York, NY 10011and

    g.11:00-22:30 for eleven and a half (11.5) hours a day at ThaiNY.

109.   From on or about October 1, 2016 to December 25, 2016, Plaintiff was presumably given

a break from 15:00-17:30 at M-Thai at 200 8th Avenue, New York, NY 10011.

110.   From on or about October 1, 2016 to December 25, 2016, however, Plaintiff was not

actually given a two and a half (2.5) hour break at M-Thai at 200 8th Avenue, New York,

NY 10011.

111.   From on or about October 1, 2016 to December 25, 2016, Plaintiff was expected to do

side work, including making spring roll, curry puff, and creating various types of curry

(including green curry, red curry, yellow curry, Massana curry, Penang curry), a 8-quart

soup broth (including hot & sour and spicy soup), and salad sauce with vinegar, and fish

sauce, depending on the restaurant need at M-Thai at 200 8th Avenue, New York, NY

10011.

112.   From on or about October 1, 2016 to December 25, 2016, Plaintiff had roughly fifteen

(15) minutes for lunch at M-Thai at 200 8th Avenue, New York, NY 10011.

113.   From on or about October 1, 2016 to December 25, 2016, Plaintiff was not given a break.

114.   From on or about October 1, 2016 to December 25, 2016, Plaintiff PARANEE

SARIKAPUTAR was assigned to work a total of two (2) days at M-Thai and one (1) day at

ThaiNY restaurants on the weekly schedule handed to her at the beginning of each week.

115.  From on or about October 1, 2016 to December 25, 2016, Plaintiff PARANEE

SARIKAPUTAR was expected to abide by the weekly schedule.

116.  From on or about October 1, 2016 to December 25, 2016, Plaintiff worked around twenty

three (23) hours each week.

***Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone***

117.  From on or about September 8, 2014 to July 31, 2015, Plaintiff PHOUVIENGSONE

SYSOUVONG, a/k/a Tukta Phouviengsone worked as a cook for VERATIP CORP d/b/a

ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai,

and d/b/a Thai Rice; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, and d/b/a

Thai Rice; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice;

9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, and d/b/a Thai Rice.

118.  At all relevant times, Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta

Phouviengsone was not paid spread-of-hours for all days in which she worked over ten (10)

hours in a workday.

119.  At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff

PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone and similarly situated

employees with Time of Hire Notice in English and in Thai (Plaintiff's primary language)

reflecting true rates of pay and payday.

120.  At all relevant times, Defendants knowingly and failed to provide Plaintiff

PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone and similarly situated

employees with paystubs that lists employee's name, employer's name, employer's address

and telephone number, employee's rate or rates of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and

net wages for each pay day in English and in Thai (Plaintiff's primary language), as required by NYLL §195(1).

121.   Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

122.   Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

**2014/09/08-2014/10/19**

123.   From on or about September 8, 2014 to October 19, 2014, Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone worked for ThaiNY at 394 Third Avenue, New York, NY 10016 and M-Thai at 232 8th Avenue, New York, NY 10011.

124.       From on or about September 8, 2014 to October 19, 2014, Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone's regular work schedule ran from:

      a. 11:00 to 22:30, with break from 15:00 to 17:00 outside for nine and a half (9.5) hours a day on Monday, Tuesday, Wednesday, Friday, and Saturday for five (5) days and forty seven and a half (47.5) hours a week.

125.       From on or about September 8, 2014 to October 19, 2014, Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone worked on Mondays, Tuesdays and Wednesdays for three (3) days at ThaiNY at 394 Third Avenue, New York, NY 10016.

126.       From on or about September 8, 2014 to October 19, 2014, Plaintiff

PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone worked on Fridays and
Saturdays for two (2) days at M-Thai at 232 8th Avenue, New York, NY 10011.

127.        From on or about September 8, 2014 to October 19, 2014, Plaintiff was paid a flat
compensation of five hundred and seventy five dollars ($575) in cash every week.

**2014/10/20-2014/11/09**

128.   From on or about October 20, 2014 to November 9, 2014, Plaintiff PHOUVIENGSONE
SYSOUVONG, a/k/a Tukta Phouviengsone worked for Tom Yum at 200 8th Avenue, New
York, NY 10011.

129.        From on or about October 20, 2014 to November 9, 2014, Plaintiff
PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone's regular work schedule
ran from:

          a. 11:00 to 22:30, with no break, for eleven and a half (11.5) hours a day for six (6)
             days and sixty nine (69) hours a week.

130.        From on or about October 20, 2014 to November 9, 2014, Plaintiff was paid a flat
compensation of six hundred ninety dollars ($690) in cash every week.

**2014/11/10-2015/07/31**

131.   From on or about November 10, 2014 to July 31, 2015, Plaintiff PHOUVIENGSONE
SYSOUVONG, a/k/a Tukta Phouviengsone worked for ThaiNY at 394 Third Avenue, New
York, NY 10016 and Tom Yum at 200 8th Avenue, New York, NY 10011.

132.        From on or about November 10, 2014 to July 31, 2015, Plaintiff
PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone's regular work schedule
ran from:

          a. 11:00 to 22:30, with no break, for eleven and a half (11.5) hours a day for five (5)

days and fifty seven and a half (57.5) hours a week, with Friday and Sundays off.

133.     From on or about November 20, 2014 to February 19, 2015 was paid a flat

compensation of five hundred seventy five dollars ($575) in cash every week.

134.     From on or about February 20, 2015 to July 31, 2017 was paid a flat compensation

of six hundred dollars ($600) in cash every week.

## COLLECTIVE ACTION ALLEGATIONS

135.   Plaintiffs bring this action individually and as class representative individually and on

behalf of all other and former non-exempt employees who have been or were employed by

the Defendants for up to the last three (3) years, through entry of judgment in this case (the

"Collective Action Period") and whom were not compensated at least the hourly minimum

wage and/or overtime compensation for all hours worked in excess of forty (40) hours per

week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

136.   Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C.

P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the

date that is six years before the filing of the Complaint in this case as defined herein (the

"Class Period").

137.   All said persons, including Plaintiffs, are referred to herein as the "Class."

138.   The Class members are readily ascertainable. The number and identity of the Class

members are determinable from the records of Defendants. The hours assigned and worked,

the positions held, and the rate of pay for each Class Member is also determinable from

Defendants' records. For purpose of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

### Numerosity

139.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

### Commonality

140.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

 a.   Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

 b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

 c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

 d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

 e.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### Typicality

141.   Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

142.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour

employment litigation cases.

*Superiority*

143.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

144.   Upon information and belief, Defendants and other employers throughout the state

violate the New York Labor Law.  Current employees are often afraid to assert their rights

out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims

because doing so can harm their employment, future employment, and future efforts to

secure employment.  Class actions provide class members who are not named in the

complaint a degree of anonymity which allows for the vindication of their rights while

eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

145.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

146.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

overtime wage to Plaintiffs, and the similarly situated collective action members, for some or

all of the hours they worked.

147.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall

be liable to the employees affected in the amount of their unpaid minimum compensation, and

in an additional equal amount as liquidated damages.

148.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum

wage when they knew or should have known such was due and that failing to do so would

financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

149.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully
set forth herein.

150.  At all relevant times, Plaintiffs were employed by Defendants within the meaning of New
York Labor Law §§2 and 651.

151.  At all relevant times, Defendants had a policy and practice of refusing to pay the statutory
minimum wage to Plaintiffs, and the collective action members, for some or all of the hours
they worked.

152.  Defendants knowingly and willfully violated Plaintiff's and similarly situated Class
Members' rights by failing to pay him minimum wages in the lawful amount for hours
worked.

153.  An employer who fails to pay the minimum wage shall be liable, in addition to the
amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of
the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%)
after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

154.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully
set forth herein.

155.  The FLSA provides that no employer engaged in commerce shall employ a covered
employee for a work week longer than forty (40) hours unless such employee receives
compensation for employment in excess of forty (40) hours at a rate not less than one and

one-half times the regular rate at which he or she is employed, or one and one-half times the

minimum wage, whichever is greater. 29 USC §207(a).

156.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207

shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

157.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated

the FLSA.

158.   At all relevant times, Defendants had, and continue to have, a policy of practice of

refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs

and Collective Action Members for all hours worked in excess of forty (40) hours per

workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*,

including 29 U.S.C. §§207(a)(1) and 215(a).

159.   The FLSA and supporting regulations required employers to notify employees of

employment law requires employers to notify employment law requirements. 29 C.F.R.

§516.4.

160.   Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements

of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA

Collectives' labor.

161.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiffs and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week

when they knew or should have known such was due and that failing to do so would

financially injure Plaintiffs and Collective Action members.

**COUNT IV.**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff]**

162.   Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

163.   An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

164.   At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

165.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

166.   Defendants' failure to pay Plaintiffs was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

167.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

168.   The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

169.   Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

170.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

171.   Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

172.   As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

173.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

174.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiff and Rule 23 Class]

175.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

176.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address

of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

177. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

178. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

179. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on behalf of Plaintiffs and Rule 23 Class]

180. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

181. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

182. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

183. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000

for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law.

N.Y. Lab. Law §198(1-d).

## COUNT IX.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434
### Brought on behalf of the Plaintiffs]

184.  Plaintiffs re-allege and incorporate and incorporate by reference all preceding paragraphs as though fully set forth herein.

185.  26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

186.  Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT X.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General
### Business Law §349
### Brought on behalf of the Plaintiff]

187.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

188.  NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

189.  Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is

greater, or both such actions.

190.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the

proceedings of the shareholders and records of shareholders of Defendant Corporation to

recover wages owed as employees of the corporation.

**COUNT XI.**
**[Violation of 29 U.S.C. § 215(a)(3)—Retaliation**
**Brought on behalf of Plaintiffs PARANEE SARIKAPTUAR and SUPUNNEE**
**SUKASAWETT]**

191.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

192.   Defendants have willfully violated the anti-retaliation provisions of the FLSA, which

prohibit "any person" from "discharging or in any other manner discriminating against an

employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

193.   Owner/ Operator Defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter

Chotimanenophan is a "person" within the meaning of 29 U.S.C. §. §203(e)(1) and

215(a)(3), subject to individual liability for retaliatory conduct.

194.   Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone is an

"employee" within the meaning of 29 U.S.C. § 203(a) and 215(a)(3).

195.   Plaintiff SUPUNNEE SUKASAWETT is an "employee" within the meaning of 29

U.S.C. § 203(a) and 215(a)(3).

196.   Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone, and

SUPUNNEE SUKASAWETT engaged in "protected conduct" by orally complaining to

PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan of Defendants'

nonpayment of wages in violation of FLSA and NYLL minimum wage provisions.

197.   Owner/ Operator Defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter

Chotimanenophan has harassed and threatened employees, cut the hours and pay of and

eventually terminated Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta

Phouviengsone, and SUPUNNEE SUKASAWETT, and has discriminated against

employees as a result of their complaints of Defendants' nonpayment of wage under FLSA

and NYLL Lawsuit.


**COUNT XII.**
**[Violation of NYLL § 215—Retaliation**
**Brought on behalf of Plaintiffs PARANEE SARIKAPTUAR and SUPUNNEE**
**SUKASAWETT]**

198.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

199.   Defendants have willfully violated Labor Law § 215, which states, "[N]o employer or his

agent …shall discharge, penalize or in any other manner discriminate against any employee

because such employee has… caused to be instituted a proceeding."

200.   Owner/ Operator Defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter

Chotimanenophan is an "employer" and "agent" within the meaning of the Labor Law.

201.   Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone is an

"employee" within the meaning of 29 U.S.C. NYLL. § 651(1).

202.   Plaintiff SUPUNNEE SUKASAWETT is an "employee" within the meaning of 29

NYLL. § 651(1).

203.   Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta Phouviengsone, and

SUPUNNEE SUKASAWETT engaged in "protected conduct" by orally complaining to

PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan of Defendants'

nonpayment of wages in violation of FLSA and NYLL minimum wage provisions.

204.   Owner/ Operator Defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter

Chotimanenophan has harassed and threatened employees, cut the hours and pay of and

eventually terminated Plaintiff PHOUVIENGSONE SYSOUVONG, a/k/a Tukta

Phouviengsone, and SUPUNNEE SUKASAWETT, and has discriminated against

employees as a result of their complaints of Defendants' nonpayment of wage under FLSA

and NYLL Lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and

Rule 23 Class, respectfully request that this Court enter a judgment providing the following

relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have up

through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt

employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied

premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      Rehiring or reinstatement of the employee to his or her position with restoration of seniority or an award of front pay in lieu of reinstatement under 29 U.S.C. §216 and NYLL §215;

h)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day;

k)       An award of liquidated and/ or punitive damages as a result of Defendants' willful

failure to overtime compensation, and "spread of hours" premium pursuant to New

York Labor Law;

l)       An award of costs and expenses of this action together with reasonable attorneys' and

expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)       An award of prejudgment and post-judgment fees;

o)       Providing that if any amounts remain unpaid upon the expiration of ninety days

following the issuance of judgment, or ninety days after expiration of the time to

appeal and no appeal is then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)       Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York
February 2, 2017

TROY LAW, PLLC
*Attorney for the Plaintiff, proposed FLSA*
*Collective and Proposed Class Plaintiffs*


   /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com