**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

PARANEE SARIKAPUTAR,
SYSOUVONG, PHOUVIENGSONE,
SUPUNNEE, SUKASAWETT,
VINAI, PATAN, and
SITTIDAJ, WIPPAPORN,
*on their own behalf and on behalf of others similarly*
*situated*

                              Plaintiffs,

                              v.

VERATIP CORP
        d/b/a ThaiNY, d/b/a M-Thai,
        d/b/a Thai Rice and d/b/a Tom Yum;
J AKIRA LLC
        d/b/a ThaiNY, d/b/a M-Thai,
        d/b/a Thai Rice and d/b/a Tom Yum;
THAINY RESTAURANT LLC
        d/b/a ThaiNY, d/b/a M-Thai,
        d/b/a Thai Rice and d/b/a Tom Yum;
NINETY-NINE PLUS CORP
        d/b/a ThaiNY, d/b/a M-Thai,
        d/b/a Thai Rice and d/b/a Tom Yum;
9999 MIDTOWN CORP
        d/b/a ThaiNY, d/b/a M-Thai,
        d/b/a Thai Rice and d/b/a Tom Yum;
PERAPONG CHOTIMANENOPHAN
        a/k/a Peter Chotimanenophan,
MICHAEL P BRONSTEIN, and
CHARDENPONG OONAPANYO

                              Defendants.

--------------------------------------------------------X

Case No. 17-cv-00814

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR (1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR
LABOR STANDARDS ACT, (2) COURT-FACILITATED NOTICE TO SIMILARLY
SITUATED PERSONS AND (3) DISCLOSURE OF CONTACT INFORMATION**

John Troy
TROY LAW, PLLC.
41-25 Kissena Blvd., Suite 119
Flushing, NY  11355
Tel: ( 718) 762-1324
johntroy@troypllc.com

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ......................................................... Error! Bookmark not defined.

**BACKGROUND** .................................................................................. Error! Bookmark not defined.

**ARGUMENT** ..................................................................................... Error! Bookmark not defined.

   **I.**    **CONDITIONAL CERTIFICATION IS APPROPRIATE** .. Error! Bookmark not defined.

     **A.**    **The FLSA's Opt-In Requirement and the Need for Expedited Notice** ............. Error! Bookmark not defined.

     **B.**    **The Two Phase Certification Process for FLSA Collective Actions.** Error! Bookmark not defined.

     **C.**    **Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective** ................................................. Error! Bookmark not defined.

     **D.**    **Expedited Notice and Disclosure of Contact Information Is Necessary** ........... Error! Bookmark not defined.

     **E.**    **Plaintiff's proposed Notice is appropriate in all respects.** Error! Bookmark not defined.

     **F.**    **The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.** ................................................................. Error! Bookmark not defined.

     **G.**    **Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs** ....................................................................... Error! Bookmark not defined.

**CONCLUSION** .................................................................................. Error! Bookmark not defined.

## TABLE OF AUTHORITIES

### Cases

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) ..................... 12

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015)................................................................................................................................ 13

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) .................................. 14

*Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988).................................................. 19

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007) ............................................................................................................................................ 13

*Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010)............................................................................................................................. 8

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ...................................................................................................................... 11

*Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ............................................................................................................... 17

*Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) ........................ 19

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014)................................................................................................................ 6

*Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) 6

*Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014).............................................................................................................. 17

*Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010)............................................................................................................... 7

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) 12

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988)....................................... 17

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ................................................ 6

*Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) .................................. 19

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995).......................................... 10

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003).............................................................................................................. 18

*Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013)................................................................................................................. 7

*Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)................................................................................................................ 14

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).............................................. 10

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006)........................................ 20

*Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ........................ 8

*Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) ..................................................................................................................................... 6

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)......................... 10

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ...... 9

*Myers*, 624 F.3d at 555 ............................................................................................. 9, 10, 12

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) ............................................................................................................ 12

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) .................................................................................................................... 15

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) .................................................................................................................... 14

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).............................. 8

*See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3 ...................................................... 13

*See e.g. Meyers V. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)........................................... 8

*See e.g. Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ............................................................................................................... 13

*See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)................................................ 7

*See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007)....................................................................................... 18

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ................................................................................................................................. 11

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ..................................................... 9

**Statutes**

29 U.S.C. § 216(b)............................................................................................................... 5

29 U.S.C. § 255(a)............................................................................................................. 17

29 U.S.C. § 255(a).............................................................................................................. 19

Plaintiffs PARANEE SARIKAPUTAR, SYSOUVONG, PHOUVIENGSONE, SUPUNNEE, SUKASAWETT, VINAI, PATAN, and SITTIDAJ, WIPPAPORN respectfully submit this memorandum of law in support of their motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English, Thai, Spanish, and Lao languages to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Plaintiffs PARANEE SARIKAPUTAR, SYSOUVONG, PHOUVIENGSONE, SUPUNNEE, SUKASAWETT, VINAI, PATAN, and SITTIDAJ, WIPPAPORN (collectively "Plaintiffs") have alleged wage violations perpetrated against over a period of many years at various restaurants doing business as VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan, MICHAEL P BRONSTEIN, and CHARDENPONG OONAPANYO. Plaintiffs further allege that it is Defendants wide spread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Not only do Plantiffs' Affidavits affidavit corroborate with other employees claims, but their allegations have been further supported by hard evidences showing that, regardless of job titles or locations of the enterprise, Defendants failed to pay Plaintiffs with overtime wages of at

least one and one-half (1.5x) times the regular pay at which the hours they worked in excess of forty (40) hours in a single workweek. In short, respectfully, to say plainitffs can meet the "modest factual showing" necessary to send a notice to putative FLSA Collective, to effectuate the broad remedial measures of the law, would be a dramatic understatement. Accordingly, Plaintiff exceeds the low burden for Conditional Certification of all non-managerial employees of Defendants.

## **BACKGROUND**

On February 2, 2017, Plaintiffs PARANEE SARIKAPUTAR and PHOUVIENGSONE SYSOUVONG filed the present Collective and Class Action Complaint, asserting causes of actions for wage violations under the FLSA and NYLL. *See* Docket Entry ("D.E.") [1] (Ex 01.)

On February 9, 2017, Plaintiff SUPUNNEE SUKASAWETT filed her Consent to Become Party Plaintiff. D.E. [07].

On August 3, 2017, Plaintiffs VINAI PATAN and WIPAPORN SITTIDEJ filed their Consents to Become Party Plaintiff. D.E. [10] and [11].

On September 7, 2017, Defendants J AKIRA LLC and MICHAEL P BRONSTEIN filed their answer to the Complaint, denying the most of allegations in the Complaint. D.E. [18].

Owner/ Operator Defendants PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan, MICHAEL P BRONSTEIN, and CHARDENPONG OONAPANYO owned and controlled the operations of VERATIP CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; J AKIRA LLC d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; THAINY RESTAURANT LLC d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; NINETY-NINE PLUS CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom Yum; 9999 MIDTOWN CORP d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice and d/b/a Tom

2

Yum. *Id.* ¶¶ 11,14,17,20,23,28,30,33,35.

M-Thai has two locations: 232 Eighth Avenue, New York, NY 10011, and 200 Eighth Avenue, New York, NY 10011. ThaiNY is located at 394 Third Avenue, New York, NY 10016, 1750 2nd Avenue, New York, NY 10128 and 1718 2nd Avenue, New York, NY 10128. Thai Rice is located at 165 West 23rd Street, New York, NY 10011.

As alleged in the Complaint, Plaintiff PARANEE SARIKAPUTAR worked for Defendants at ThaiNY Downtown at 394 Third Avenue, New York, NY 10016 and M-Thai 1 at 232 8th Avenue, New York, NY 10011 and M-Thai 2 at 200 8th Avenue, New York, NY 10011 from on or about November 1, 2011 to December 25, 2016. *See* SARIKAPUTAR Aff. ¶¶ 3,4,14,23,32,39,49,60. Plaintiff SARIKAPUTAR worked for the Defendants' restaurants from on or about November 1, 2011 to December 25, 2016. *Id.* Plaintiff SARIKAPUTAR worked for Defendants as a chef assistant *See Id* ¶ 6. Regardless of the location she was assigned to work at, Plaintiff SARIKAPUTAR did not receive wages for all the hours she worked, despite being promised pay for each day worked. Further, Plaintiff SARIKAPUTAR was required to work throughout her "break time." SARIKAPUTAR also did not receive overtime premiums for the hours worked in excessive of forty (40) hours in a single workweek. *See Id.* ¶¶7,9.

Plaintiff PHOUVIENGSONE SYSOUVONG worked for Defendants at ThaiNY Uptown at 1750 2nd Avenue, New York, NY 10128, M-Thai 1 at 232 8th Avenue, New York, NY 10011 and M-Thai 2 at 200 8th Avenue, New York, NY 10011, and Tom Yum at 200 8th Avenue New York, NY 10011 from on or about September 08, 2014 to July 31, 2015 *See* PHOUVIENGSONE Aff. ¶ 3. Plaintiff PHOUVIENGSONE worked for the Defendants' restaurants from on or about September 08, 2014 to July 31, 2015. *Id.* Plaintiff SYSOUVONG worked for Defendants as a Chef *Id. See* SYSOUVONG Aff. ¶ 3. Regardless of the location she worked Plaintiff

SYSOUVONG had unpaid wage for at least some of the hours that she worked. For instance, Plaintiff SYSOUVONG was not paid for her first week at M-Thai1. *See* SYSOUVONG Aff. ¶ 13. Further, she did not receive overtime premiums for the hours worked, in excessive of forty (40) hours in a single workweek. *See* SYSOUVONG Aff. ¶¶6,7.

Plaintiff SUPUNNEE, SUKASAETT worked for Defendants at ThaiNY Uptown at 1750 2nd Avenue, New York, NY 10128, M-Thai 1 at 232 Eighth Avenue, New York, NY 10011 , M-Thai 2 at 200 Eighth Avenue, New York, 10011, and at Thai Rice at 165 West 23rd Street, New York, NY 10011 from on or about January 01, 2010 to November 24, 2016 *See* SUKASAETT Aff. ¶ 6. Plaintiff SUKASAETT worked for the Defendants' restaurants from on or about January 01, 2010 to November 24, 2016. Id. Plaintiff SUKASAETT worked for Defendants as a Chef *Id.* Regardless of the location she worked at, Plaintiff SUKASAETT did not receive overtime premiums for weeks in which she worked hours in excessive of forty (40) hours in a single workweek. *See* SUKASAETT Aff. ¶¶7,9,41,42.

Plaintiff VINAI, PATAN worked for Defendants at ThaiNY Downtown at: 394 Third Avenue, New York, NY 10016 and ThaiNY Uptown at 1750 2nd Avenue, New York, NY 10128 from on or about February 14, 2012 to December 21, 2013. *See* PATAN Aff. ¶ 6,7. Plaintiff PATAN worked for the Defendants' restaurants from on or about February 14, 2012 to December 21, 2013. *Id.* Plaintiff PATAN worked for Defendants as a Kitchen Worker. Id. Regardless of the location he worked Plaintiff PATAN did not receive overtime premiums for weeks in which he worked hours in excessive of forty (40) hours in a single workweek. *See* PATAN Aff. ¶¶15,17.

Plaintiff SITTIDAJ, WIPPAPORN, worked at Defendants' ThaiNY Uptown at 1750 2nd Avenue, New York, NY 10128 from on or about July 2013 to February 01, 2014. *See* WIPPAPORN Aff. ¶ 6. Plaintiff WIPPAPORN worked for the Defendants' restaurants from on

or about summer of 2014 for six (6) months as appetizer and food prep for ThaiNY Uptown. *See* WIPPAPORN Aff. ¶ 7. Plaintiff WIPPAPORN worked for Defendants as an appetizer and food prep *Id.* Regardless of her job title (appetizer or food prep) or the location she worked Plaintiff WIPPAPORN did not receive overtime premiums for weeks in which she worked hours in excessive of forty (40) hours in a single workweek. *See* WIPPAPORN Aff. ¶¶8,10.

According to all our Plaintiffs, all but whom were assigned to one restaurant to the next or work at between one and three restaurants owed by the same Owner/ Operator Defendants, employees were shared by Defendants. Work is assigned through the weekly assignment of schedule at the restaurant, and strict abidance to the schedule is required. *See* SARIKAPUTAR Aff. ¶¶35-36, 45-46, 56-57 PHOUVIENGSONE Aff. ¶¶4,43,46, SUKASAETT Aff. ¶¶46,88, PATAN Aff. ¶¶27-28, and WIPPAPORN Aff. ¶¶30-31.

Non-tipped kitchen workers, whether Thai-speaking, Lao-speaking, or Spanish-speaking, worked substantially the same schedule and were also not paid overtime compensation for each week in which they worked forty (40) hours or more each week, tipped deliverymen and waitresses were also not paid at least the minimum wage for all hours worked. For instance, the waitresses earn $6 per hour, below the federal and the state minimum wage, and the deliverymen would often talk with one Plaintiff because they felt short-changed by the Defendants. These deliverymen worked in excess of fifty (50) hours each week, but receive less than three hundred dollars ($300) per week. *See* SARIKAPUTAR Aff. ¶¶70-80, PHOUVIENGSONE Aff. ¶¶24,28, SUKASAETT Aff. ¶¶46,88, PATAN Aff. ¶¶27-28, and WIPPAPORN Aff. ¶¶30-31.

Irrespective of the position or the location they worked, Plaintiffs and the coworkers they know were also not paid for all the hours they worked and for the spread of hours by the Defendants' *See* SARIKAPUTAR Aff. ¶¶70-80, PHOUVIENGSONE Aff. ¶¶27-47,

SUKASAETT Aff. ¶¶49-87, PATAN Aff. ¶¶18-28, and WIPPAPORN Aff. ¶¶23-31.


## ARGUMENT

### I.   CONDITIONAL CERTIFICATION IS APPROPRIATE

#### A.  The FLSA's Opt-In Requirement and the Need for Expedited Notice

The FLSA states in relevant part that:

> An action. . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opt-in to the collective action. *Id.*; *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014) ("Thus, putative class members must 'opt-in' to participate in an FLSA collective action."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgement (and to benefit from it)."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) (stating same). Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statue of limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); *Mendoza*,

2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purposes and promoting efficient case management."); *Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual Plaintiffs until he or she opts in [], early certification and notice are favored in order to protect plaintiffs' right.").

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources."

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

*Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

### B. The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail); *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).

**First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the FLSA collective. *Myers*, 624 F.3d at 554; *see also Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) (citing *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). To do so, the named plaintiffs need only make a very "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *1 ("At the first stage, plaintiffs must make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."); *Schear*, 297 F.R.D. at 121 (same). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is

called the "notice stage."[2] *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F.Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010).

"The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage." Lynch, 491 F. Supp. 2d at 368; see also *Morales v. Plantworks, Inc*., No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ("The first stage, conditional certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); Cunningham, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2).

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action. *Cunningham*, 2010 WL 5076703 at *5; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v.*

---

[2] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839 at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness."). That said, Plaintiffs here can easily meet even the most stringent standards for certification under 216(b) or Rule 23.

*ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

**Second**, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id.* This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiffs brought into the case are similarly situated." Cunningham, 2010 WL 5076703 at *5.

Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. See e.g. Fonseca, 2014 WL 1487279, at *3 (defendants' declarations going to "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F.Supp.2d at 368-69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL

2853971, at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other evidence" premature at notice stage); *cf. Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").

### C.   Plaintiffs have made the Required Showing that they are similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiffs must make a "modest factual showing" that they and opt-in and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555 (*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial allegations' of a factual nexus between named Plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit).

Here, Plaintiffs can make a substantial showing that they and all similarly-situated non-exempt employees employed by Defendants were subject to a common policy or plan that violated the FLSA:

- Plaintiffs was employed by Defendants' during applicable FLSA statutory period and were subjected to Defendants' common policy of not paying (i) at least the minimum wage for all hours worked (including unpaid wage) and (ii) overtime premiums for the hours worked in excessive of forty hours in a single workweek.

The experience of PARANEE SARIKAPUTAR, SYSOUVONG, PHOUVIENGSONE, SUPUNNEE, SUKASAWETT, VINAI, PATAN, and SITTIDAJ, WIPPAPORN was not unique; rather the manner in which they were compensated was and remains standard operating procedure with regard to other kitchen workers, delivery persons, and cashiers, across the

Defendants' locations. *See* SARIKAPUTAR Aff. ¶¶70-80; *See* PHOUVIENGSONE Aff.¶¶ 25-47; *See* SUKASAETT *Aff.¶¶*45-87; *See* PATAN Aff. ¶¶19-29; *See* WIPPAPORN Aff. ¶¶23-31.

In addition to the FLSA minimum wage and overtime wages set forth above, Plaintiffs can provide further additional evidence – separate and part from their FLSA claims – establishing a common nexus between themselves and the putative FLSA Collective:

Non-tipped kitchen workers worked substantially the same schedule and who were also not paid overtime compensation for each week in which they worked forty (40) hours or more each week, tipped deliverymen and waitresses were also not paid at least the minimum wage for all hours worked. For instance, the waitresses earn $6 per hour, below the federal and the state minimum wage, and the deliverymen would often talk with one Plaintiff because they felt short-changed by the Defendants. These deliverymen worked in excess of fifty (50) hours each week, but receive less than three hundred dollars ($300) per week. *See* SARIKAPUTAR Aff. ¶¶70-80, PHOUVIENGSONE Aff. ¶¶24,28, SUKASAETT Aff. ¶¶46,88, PATAN Aff. ¶¶27-28, and WIPPAPORN Aff. ¶¶30-31.

Irrespective of the position or the location they worked, Plaintiffs and the coworkers they know were also not paid for all the hours they worked and for the spread of hours by the Defendants' *See* SARIKAPUTAR Aff. ¶¶70-80, PHOUVIENGSONE Aff. ¶¶27-47, SUKASAETT Aff. ¶¶49-87, PATAN Aff. ¶¶18-28, and WIPPAPORN Aff. ¶¶23-31.

- Plaintiffs allege that they and all other employees were never provided proper wage statements and notices as required by the NYLL. *See* SARIKAPUTAR Aff. ¶9; *See* PHOUVIENGSONE Aff.24 ¶; *See* SUKASAETT Aff.9; *See* PATAN Aff.17; *See* WIPPAPORN Aff.10.
- Plaintiffs allege that were all purportedly paid at the same or similar daily rate and worked same or similar hours. *See* SARIKAPUTAR Aff. ¶¶ 70-80; *See* PHOUVIENGSONE Aff. ¶¶ 25-47; *See* SUKASAETT Aff. *¶¶* 45-87; *See* PATAN Aff. ¶¶19-29; *See* WIPPAPORN Aff. ¶¶23-31.

13

Although these violations are separate and apart from Defendants' FLSA violations, the common treatment further demonstrates that Plaintiffs, and the potential opt-in plaintiffs, were subjected to a common unlawful practice that shares a factual nexus.

### D.  Expedited Notice and Disclosure of Contact Information Is Necessary

Plaintiffs respectfully request expedited disclosures of contact information to send notice of this action to all potential opt-in plaintiffs as expeditiously as possible. As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather ***courts have endorsed the sending of notice early in the proceeding***, as a means of facilitating the FLSA's broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiffs and opt-in Plaintiffs' primary languages are Thai, Spanish and Lao.

### E.  Plaintiffs' proposed Notice is appropriate in all respects.

Plaintiffs propose a Notice of Pendency and Consent Form in English, Thai, Spanish, and Lao languages (the predominant languages of the FLSA Collective) advising all potential opt-in Plaintiffs of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit.

14

Plaintiffs also request that the Notice of Pendency and Consent Form be posted on the conspicuous locations of Defendants' restaurants. Ex 02. (Proposed Notice of Pendency and Consent Form for Mail). This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended.

To provide the members of the putative FLSA Collective with notice of this action, Plaintiffs require the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action"). Thus, Plaintiffs respectfully request that Defendants be ordered to provide the names, last known address, telephone numbers, e-mail address and dates of employment of all non-exempt employees employed by the Defendants from February 02, 2014 through the present, in a Microsoft excel spreadsheet.

A three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period.").

### F.  The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding

that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all).

Moreover, it does not matter that Prospective Collective Action Members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

All non-managerial employees of Defendants are similarly situated as they were victims of Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiffs SARIKAPUTAR, PHOUVIENGSON, SUKASAETT and WIPPAPORN were employed by the Defendants' as Chef, and Plaintiff PATAN was employed as a Kitchen worker. All the Plaintiffs further allege that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. These include deliverymen who work. *See* SARIKAPUTAR Aff.¶¶70-80; *See* PHOUVIENGSONE Aff.¶¶ 25-47; *See* SUKASAETT Aff.¶¶45-87; *See* PATAN Aff. ¶¶19-29; *See* WIPPAPORN Aff. ¶¶23-31.

Accordingly, Plaintiffs exceed the low burden for conditional certification of all non-managerial employees of Defendants.

### G. Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988)*.*

Plaintiffs request that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Courts routinely approve a three-year notice period. *See, e.g., Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time" but noting the possibility of "decertification at a later time").

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260 (S.D.N.Y. 1997). Since unnecessary

17

delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In Period.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request an order granting Plaintiffs' requested relief in its entirety, and for such other and further relief deemed just and proper.

Dated:     Flushing, New York
           June 28, 2018                          Respectfully submitted,

                                                  TROY LAW, PLLC.

                                          By:    /s/ John Troy
                                                  John Troy

18