UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PARANEE SARIKAPUTAR and                             Case No.: 17-cv-814
PHOUVIENGSONE SYSOUVONG a/k/a
TUKTA PHOUVIENGSONE, individually
and on behalf of others similarly situated,

                               Plaintiffs,

      vs.

VERATIP CORP
      d/b/a ThaiNY, d/b/a M-Thai d/b/a Thai Rice,
      and d/b/a Tom Yum;
J AKIRA LLC
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
THAINY RESTAURANT LLC
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
NINETY-NINE PLUS CORP
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
9999 MIDTOWN CORP
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
PERAPONG CHOTIMANENOPHAN
      d/b/a PETER CHOTIMANENOPHAN;
SHUE-LEE CHENG LI;
MICHAEL P. BRONSTEIN; and
CHARDENPONG OONAPANYO
                         Defendants,

------------------------------------------------------------------------ x

## <u>MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION</u>

Law Office of Z. Tan PLLC
Bingchen Li (BL4750)
110 E. 59th Street, Suite 3200
New York, New York 10022
Phone: (212) 593-6188
Fax:    (888) 306-8666
Email: eric.li@ncny-law.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITY** ............................................................................**3**

**PRELIMINARY STATEMENTS** ...............................................................**4**

**STATEMENT OF FACTS** ...........................................................................**4**

**ARGUMENTS** .............................................................................................**6**

## **TABLE OF AUTHORITIES**

**Case Law**

Conley v. Gibson, 355 U.S. 41 (1957)............................................................................ 7

Beckman v. United States Postal Service, 79 F.Supp.2d 394 (S.D.N.Y. 2000) ................ 7

Myers v. Hertz Corp., 624 F.3d 537 (2nd Cir. 2010) ...................................................... 8, 9

Brown v. Barnes and Noble, Inc., 2017 WL 1653576 (S.D.N.Y. 2017) ………………...8

Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997) ………………….. 8

Fraticelli v. MSG Holdings, L.P., 2014 WL 1807105 (S.D.N.Y. 2014) .......................... 9

Bittencourt v. Ferrara Bakery & Café Inc., 310 F.R.D. 106 (S.D.N.Y. 2015) .................. 9

Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469 (S.D.N.Y. 2010) …………………9

**Statutes**

F.R.C.P. Rule 8(a)(2) ....................................................................................................... 7

## PRELIMINARY STATEMENTS

Defendants J AKIRA LLC and MICHAEL BRONSTEIN (collectively "Defendants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in opposition to Plaintiffs' 216(b) motion for conditional certification concerning wait staffs.

The plaintiffs seek conditional certification on behalf of all of Defendants' current and former non-managerial and non-exempt employees. First of all, Defendants opposed this motion in its entirety because the plaintiffs completely disregarded the "so ordered" briefing schedule and missed their self-imposed deadline by more than three months. Should this Court decide to hear this motion, Defendants consent to the conditional certification for J AKIRA LLC's chefs and cooks. However, the plaintiffs are not entitled to a conditional certification regarding other employees because they failed to make relevant allegations against other employees.  In addition, the plaintiffs have failed to satisfy their modest burden to demonstrate why wait staffs are similarly situated to the named plaintiffs. Finally, Defendants oppose the plaintiffs' request of equitable tolling.

## STATEMENT OF FACTS

Pursuant to this Court's order dated January 29, 2018 (see ECF #25), parties were to submit a proposed briefing schedule of 216(b) motion "no later than February 5, 2018." It was not until February 20, 2018 did the plaintiffs' counsel, for the first time, propose a briefing schedule (see Exhibit A: Plaintiffs' email dated February 20, 2018). This Court approved the parties' proposed briefing schedule as follows: Plaintiffs' motion due March 23, 2018; Defendant's opposition due April 20, 2018; and Plaintiffs' reply due May 4, 2018. However, the Plaintiffs failed to make the motion.

Nevertheless, the plaintiffs brought this action by alleging unpaid minimum wages and overtime wages, among other claims, on behalf of two named plaintiffs, both of whom worked as chefs. In the Complaint, the plaintiffs did not make any allegation specifically regarding any other employees, their job responsibilities, their working hours, their compensation, their methods of payments, etc.

Named plaintiff SARIKAPUTAR purportedly worked as a chef (See Sarikaputar Affidavit, ECF 28-6 (Sarikaputar Aff.) ¶ 6) at least one of the defendant restaurants. Named plaintiff SYSOUVONG purportedly worked as a cook appetizer (See Sysouvong Affidavit, ECF 28-7 (Sysouvong Aff.) ¶ 3) at least one of the defendant restaurants. The opt-in plaintiff SUKASAETT purportedly worked as a chef (See Sukasaett Affidavit, ECF 28-8 (Sukasaett Aff.) ¶ 6) at least one of the defendant restaurants. The opt-in plaintiff PATAN purportedly worked for at least one of the defendant restaurants, but he did not provide his position or job responsibilities (See Patan Affidavit, ECF 28-9 (Patan Aff.)). The opt-in plaintiff SITTIDEJ purportedly worked as an appetizer and food prep (See Sittidej Affidavit, ECF 28-10 (Sittidej Aff.) ¶ 6) for at least one of the defendant restaurants.

All the above named and opt-in plaintiffs were allegedly working in the kitchen and were allegedly paid a fixed wage per day or per week. However, none of the above plaintiffs have ever worked as a waiter or waitress. Neither of them is familiar with any defendant's payroll and labor policies regarding the wait staffs. (See Plaintiffs' Affidavits, ECF 28-6-10). Based on the plaintiffs' limited knowledge regarding the wait staffs, wait staffs were paid at an hourly rate, a practice patently different from the plaintiffs, and other potential opt-in plaintiffs.

## ARGUMENTS

### Plaintiffs' Failure to Make the Motion on Time

Plaintiffs did not attempt to make the subject motion until more than three months after the "so ordered" deadline. Contrary to Plaintiffs' counsel's willful misrepresentation, their managing associate, Kibum (George) Byun's purported absence cannot and should not have contributed to the significant delay. At least since December 2017, it has been another of their associates, Aaron Schweitzer, who has been managing the lawsuit. It was Mr. Schweitzer (his initials as signature "/as") who wrote to the court to propose the date of the initial conference (See Exhibit B: Plaintiff's email to this Court dated December 20, 2017). It was Mr. Schweitzer who proposed the briefing schedule on February 20, 2018 (see Exhibit A: Plaintiff's email dated February 20, 2018). Indeed, it is Mr. Schweitzer who I have been in contact with concerning this action. In addition, I was in contact with Mr. Schweitzer on numerous occasions via email between February and present concerning a few unrelated cases (see 17cv6713, 17cv2013, and 17cv802). If Mr. Schweitzer is active and diligent in all the other aforementioned cases, he should have been active and diligent in this action. Therefore, it is disingenuous for the plaintiffs' counsel to argue that this inexcusable delay was due to Mr. Byun's purported absence, especially the plaintiffs' counsel admitted that Mr. Byun was no longer associated with Troy Law as early as March 1, 2018 (See Exhibit C: the plaintiffs' counsel's letter dated July 18, 2018 (Sarikaputar et al.v. Veratip Corp. et al., ECF #36, 1:17-cv-00814-ALC-SDA))

We are not sure if it was Plaintiffs' counsel's oversight or a simple change of mind after three months that prompts this motion. Under either circumstance, however,

the plaintiffs' counsel has failed to provide reasonable excuse to warrant a belated 216(b) motion.

Furthermore, again contrary to the plaintiffs' counsel's representation, the proposed 216(b) motion will not benefit any individual plaintiff. Rather, it probably can and will damage their chances of a full recovery because any potential opt-ins would share in the same pool of limited fund, if there is any, Defendants have after the closure of all the restaurants. Again, the plaintiffs' counsel is ingenuine to argue otherwise because they are fully aware of the magnitude of this action, having provided an initial damage calculation for Defendants just a few weeks ago. Apparently, the plaintiffs' counsel's attempt to file this belated motion is not motivated by their clients' best interests.

Therefore, the plaintiffs' motion should be dismissed it its entirety for their failure to file the motion on time by more than three months.

**Plaintiffs' Failure to Give Notice in Complaint**

F.R.C.P Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must be sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "Plaintiff must set forth facts that will allow each party … to prepare an appropriate defense." Beckman v. United States Postal Service, 79 F.Supp.2d 394, 407 (S.D.N.Y. 2000).

In the instant action, despite that Plaintiffs' general and conclusory class allegation includes all current and former employees of Defendants (See Complaint, ECF

28-3 ¶ 135), the entire complaint only consists allegations regarding chefs (both named plaintiffs). The entire complaint is devoid of factual allegations regarding any other employees, their job responsibilities, their working hours, their compensation, their methods of payments, etc., thereby depriving Defendants of any notice that claims on behalf of other employees, such as delivery people and wait staffs, would be raised in the present certification motion.

Accordingly, the complaint cannot support conditional certification for employees other than cooks and chefs.

**Wait Staffs Not Similarly Situated**

Even assuming that this Court deems that the Complaint sufficiently makes the allegation regarding all employees, Plaintiffs would not have carried their burden to wait staffs are similarly situated.

In order to certify a class, "[t]he first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to **whether a FLSA violation has occurred**." Myers v. Hertz Corp., 624 F. 3d 537, 554 (2d Cir. 2010). There must be an identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice. Brown v. Barnes and Noble, Inc., 2017 WL 1653576, at *6 (S.D.N.Y 2017). "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of **a common policy or plan that violated the law**.'" Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). While plaintiffs' burden is modest,

8

"it is not non-existent." <u>Fraticelli v. MSG Holdings, L.P.</u>, 2014 WL 1807105, at *1 (S.D.N.Y. 2014). It has to be based on some substance. <u>Bittencourt v. Ferrara Bakery & Café Inc.</u>, 310 F.R.D. 106, 114 (S.D.N.Y. 2015) (quoting <u>Guillen v. Marshalls of MA, Inc.</u>, 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010)). Unsupported assertion in the pleadings … cannot satisfy a plaintiff's burden. <u>Myers</u>, 624 F.3d 537, 555 (2nd Cir. 2010).

In the instant action, the plaintiffs' knowledge concerning wait staffs' payroll practice is minimum. Named plaintiff SARIKAPUTAR and the opt-in plaintiff PATAN do not make any allegation concerning wait staffs (See Sarikaputar Aff. and Patan Aff.). The opt-in plaintiff SUKASAETT claimed he was familiar with everyone's schedule because it was always posted (See Sukasaett Aff. ¶ 46). However, he fails to provide details of the schedule or, more importantly, the payroll practices concerning the wait staffs. The opt-in plaintiff SITTIDEJ alleged some of the waitresses stayed late to "count the money," but does not provide any information concerning how they were paid (See Sittidej Aff.). At best, SITTIDEJ 's statement was vague, ambiguous, and not helpful. The opt-in plaintiff SYSOUVONG is the only plaintiff who manages to provide details of wait staffs' payroll practice, i.e., "they received six dollars ($6) an hour" (See Sysouvong Aff. ¶ 27). During SYSOUVONG's employment between September 8, 2014 and July 31, 2015 (See Sysouvong Aff. ¶ 3), it was legal to pay wait staffs at a restaurant, as Food Service Workers, $5.00/hour, an allowable tip rate (See Defendant's Exhibit D: Summary of Wage Order Rates and Credits for the Hospitality Industry). Accordingly, the plaintiffs have failed to establish that "a FLSA violation has occurred" or there was "a common policy or plan that violates the law."

In addition, by admission wait staffs were paid at an hourly rate. However, named plaintiffs, opt-in plaintiffs and potential opt-in plaintiffs were all allegedly paid at a fixed daily or weekly wage. Apparently, the wait staffs were subject to a different labor and/or pay practice than the named plaintiffs. Therefore, named plaintiffs would not be able to represent wait staffs because there does not exist "a common policy or plan" concerning wait staffs. Simply put, the plaintiffs have not sufficiently identified a "factual nexus" to meet their modest burden to substantiate their claims against wait staffs.

Accordingly, we respectfully request this Court to deny the instant motion for 216(b) conditional certification concerning wait staffs.

**Equitable Tolling**

Equitable tolling is appropriate only in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights. Chen et al. v. Hunan Manor Enterprise, Inc. et al., 2018 WL 1166626, at *8 (S.D.N.Y).

In the instant action, there has not been a "rare and exceptional circumstances." The delay, if there is any, was caused by the plaintiffs' counsel's own negligence in moving for conditional certification (See Plaintiff's Motion for Leave to File Document, ECF 28). Therefore, the plaintiffs' request of equitable tolling is without merits and should be denied.

**Objection to proposed notice**

Assuming that this Court allows conditional certification for some employees of

Defendants, Defendants object to the plaintiffs' request for J AKIRA LLC's former employees' telephone numbers, email addresses, work locations, dates of employments and positions because there information are irrelevant to the mailing of Notice of Pendency and are overly burdensome Defendants.

Secondly, Defendants oppose the plaintiffs' suggestion that Defendants will have mere fifteen (15) days to furnish the name list, while the plaintiffs will have as many as twenty-one (21) days to send out the mails. Defendants respectfully request thirty (30) days to furnish the name list, considering that none of the restaurants is still operating.

Thirdly, Defendants oppose a ninety (90) day opt-in period. Defendants would consent to a forty-five (45) day opt-in period.

Fourthly, Defendants oppose the plaintiffs' request to post the Notice at the restaurant because none of the restaurants is still operating.

Fifthly, Defendants oppose the plaintiffs' unauthorized and unconsented addition of opt-in plaintiffs, SUKASAWETT SUPUNNEE, PATAN VINAI, and WIPPAPORN SITTIDAJ, onto the caption of this action. The plaintiffs have never filed a motion to amend the original complaint. Therefore, the aforementioned plaintiffs are mere opt-ins. By the same token, the plaintiffs should be ordered to amend all documents to remove their names as named plaintiffs.

Lastly, Defendants oppose the plaintiffs' request to publish an abbreviated notice at Defendants' costs in English, Spanish, Thai and Laos. By admission, almost all the opt-ins either speaks Spanish or Thai. Therefore, Defendants respectfully request this Court order a publishing of an abbreviated notice only in Spanish and Thai, in the event that more than 20% of the Notice is returned.

11

**WHEREFORE**, Defendants respectfully request that this Court to

    (1) Deny the plaintiffs' motion regarding all employees other than cook and chefs;

    (2) Deny the plaintiffs' motion concerning wait staffs, in the event that this Court

        deems that sufficient notice was given to all employees by way of the

        Complaint;

    (3) Modify the Proposed Notice of Pendency and other documents, as requested by

        Defendants if motion is not denied in its entirety; and

    (4) Grant whatever other and further relief this Court deems just, proper and

        equitable.

Dated: New York, New York
      July 29, 2018

                          Law Office of Z. Tan PLLC

                    By: s/Bingchen Li
                       Bingchen Li (BL4750)
                       110 East 59th Street, Suite 3200
                       New York, New York 10022
                       Phone: (212) 593-6188
                       Fax:   (888) 306-8666
                       Email: eric.li@ncny-law.com
                       *Attorneys for Defendants J AKIRA LLC and*
                       *MICHAEL BRONSTEIN*