UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PARANEE SARIKAPUTAR and         Case No.: 17-cv-814
PHOUVIENGSONE SYSOUVONG a/k/a
TUKTA PHOUVIENGSONE, individually
and on behalf of others similarly situated,

                                   Plaintiffs,         **MEMORANDUM OF LAW**

              vs.

VERATIP CORP
       d/b/a ThaiNY, d/b/a M-Thai d/b/a Thai Rice,
       and d/b/a Tom Yum;
J AKIRA LLC
       d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
       and d/b/a Tom Yum;
THAINY RESTAURANT LLC
       d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
       and d/b/a Tom Yum;
NINETY-NINE PLUS CORP
       d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
       and d/b/a Tom Yum;
9999 MIDTOWN CORP
       d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
       and d/b/a Tom Yum;
PERAPONG CHOTIMANENOPHAN
       d/b/a PETER CHOTIMANENOPHAN;
SHUE-LEE CHENG LI;
MICHAEL P. BRONSTEIN; and
CHARDENPONG OONAPANYO

                                   Defendants,
------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN IN SUPPORT OF DEFENDANTS' F.R.C.P RULE 12(C) MOTION ON PLEADINGS**

                                  Law Office of Z. Tan PLLC
                                  Bingchen Li (BL4750)
                                  Attorney for Defendants
                                  110 E. 59th Street, Suite 3200
                                  New York, New York 10022
                                  Phone: (212) 593-6188
                                  Fax:    (888) 306-8666
                                  Email: eric.li@ncny-law.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITY**..................................................................................3
**PRELIMINARY STATEMENTS** ...................................................................4
**STATEMENT OF FACTS**..............................................................................4
**ARGUMENTS**.................................................................................................5
**CONCLUSION** ................................................................................................8

# **TABLE OF AUTHORITIES**

**Case Law**

In re Thelen LLP, 736 F.3d 213 (2d Cir. 2013) …………………………………….......5

Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999) ………………………..6

Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir 1984) ……..……………….6

Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013) ……………………………………..6

Ashcroft v. Iqbal, 556 U.S. 662 (1937) …………………………………………………..6, 7

Graziano v. Pataki, 689 F.3d 110 (2d Cir. 2012) ………………………………………...7

**Statutes**

F.R.C.P. Rule 12(c) …………………………………………………………………...6

## PRELIMINARY STATEMENTS

Defendant MICHAEL BRONSTEIN (hereinafter the "Movant"), by Bingchen Li, Esq., his attorney of record, respectfully submit this Memorandum of Law in support of F.R.C.P Rule 12(c) motion on pleadings to dismiss all claim against the Movant.

The Movant will demonstrate below that Plaintiffs fail to make sufficient, if any, factually plausible allegations in the complaint to state a claim against the Movant.

Accordingly, the Movant respectfully request that this Court grant the Movant's Rule 12(c) motion in its entirety and whatever other and further relief deemed just and proper.

## STATEMENT OF FACTS

Plaintiffs commenced this action and filed with this Court a complaint on February 2, 2017. Defendants responded by filing an answer with affirmative defenses on September 7, 2017. On June 28, 2018, Plaintiffs moved for a leave to file a 216(b) motion for conditional certification. The Movant opposed because Plaintiffs missed the self-proposed briefing schedule by more than three months, but July 10, 2018 the Magistrate Judge Stewart D. Aaron granted the said motion. The 216(b) motion is now fully briefed. In addition, parties attended a mediation on October 25, 2017, but were unable to reach a settlement agreement.

The entire complaint is almost completely devoid of any allegation against the Movant (See Complaint, ECF 1 (Compl.)). Plaintiffs made form allegations that each individual defendant, including the Movant, is an officer, director, manager, majority

shareholder and/or owner of all corporate defendants and all defendants, including the Movant, have acted intentionally and maliciously (See Compl., ¶¶ 26-36).

Plaintiffs also made form allegations that all defendants are joint employers and that "the three restaurants doing business at four locations" (See Compl., ¶¶ 38-39).

However, all the above allegations are unsubstantiated and without any factual support.

## ARGUMENTS

Legal Standard

Under F.R.C.P Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Plaintiff submitted a complaint in February 2, 2017, to which the Movant submitted an answer with affirmative defenses in response on September 7, 2017. The discovery will not be due until October 31, 2018 (See Magistrate Judge Stewart D. Aaron's Order, ECF 34). Parties have conducted limited discovery and have deposed neither plaintiff nor defendant. In addition, Plaintiffs' 216 (b) motion was just fully briefed. In the event it is granted to some extent, as it is expected, there will be at least another 90 days before the conclusion of the opt-in period. Therefore, the instant motion is hereby submitted early enough not to delay trial OR cause any prejudice against Plaintiffs. Accordingly, the Movant should be allowed to move for judgment on pleadings.

In deciding Rule 12(c) motions, the Court may "consider only the complaint itself and documents that are attached to it, incorporated by reference, or on which the complaint heavily relies." In re Thelen LLP, 736 F.3d 213, 219 (2nd Cir. 2013).

There is no relevant exhibit or attachment to the complaint. However, Plaintiffs submitted five affidavits in support of their 216(b) motion for conditional certification (See Plaintiffs Affidavit, ECF 28, 6-10 (Ps' Affs.)). The alleged facts in these affidavits are consistent with those of the complaint. Therefore, in addition to considering the pleadings, this Court should reasonably draw inference from the allegations contained in these affidavits the complaint heavily relies on.

Employer-employee Relationship

"To be held liable under the FLSA, a person must be an 'employer'." Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999). "It is common ground that courts, in determining whether an employment relationship exists for purpose of the FLSA, must evaluate the 'economic reality' of the relationship." Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir 1984). "[T]he determination of whether an employer-employee relationship exists for purpose of the FLSA [is] grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013). "The 'economic reality' test since has been refined and now is understood to include inquiries into: 'whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter 735 F.2d at 12.

Granted, Plaintiffs did make a full and accurate recital of the four Carter elements against the Movant. However, the threshold question is, disregarding legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by

6

mere conclusive statements" Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937), whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012). "A claim has factual plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

Applying Ashcroft and stripping all the "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusive statement" Ashcroft, 556 U.S. at 678, it should be indisputable that the complaint would be left with no substantiated factual allegation concerning employment relationship against the Movant. There is no factual allegation in the complaint that could lead to a plausible conclusion that Movant had the power to hire and fire members of the collective, supervised and controlled work schedules or condition of employment of members of the collective, determined the rate and method of payment, or maintained employment records of members of the collective. Accordingly, in absence of employer-employee relationship the Movant cannot and should not be liable under FLSA as an employer.

Furthermore, Plaintiffs themselves did not make any allegations against the Movant in their affidavits (See Ps' Affs.). Rather, all the allegations indicate that defendant PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan was in charge of the restaurants concerning all labor relations. "At all relevant times, when I complained to Peter, Peter would cut my hours and then ultimately terminate my employment…" (See Sarikaputar Affidavit, ECF 28-6, ¶ 13). "During the entirety of this time, each week, one of the owners, PERAPONG CHOTIMANENOPHAN a/k/a Peter

Chotimanenophan, together with the Manager would issue me and other restaurant employees the work schedule of the week" (See Sysouvong Affidavit, ECF 28-7, ¶ 4). "In fact, I has this rate for a few months before I was asked by PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan to transfer to M-Thai 1 on July 23, 2013" (See Sukasaett Affidavit, ECF 28-8, ¶ 17). "Around this time, I was asked by PERAPONG CHOTIMANENOPHAN a/k/a Peter Chotimanenophan work for M-Thai 2 and Thai Rice" (See Sukasaett Affidavit, ECF 28-8, ¶ 22).

Indeed, Plaintiff could not possibly have made any allegations against the Movant because he is never an employer. The Movant is a 69-year-old white gentleman, a CPA by trade, and work at 875 6th Avenue, Suite 1703, New York, NY 10001, who has never worked or managed at any restaurant (See Bronstein Declaration, ECF 45).

## **CONCLUSION**

Plaintiffs have failed to make any allegation beyond conclusory and boilerplate statements to support an inference that the Movant is an employer within the meaning of the FLSA. Accordingly, this Court should grant the Movant's motion it its entirety.

**WHEREFORE**, Defendant respectfully request that this Court to

(1) Grant Defendant Michael Bronstein's motion to dismiss all claims against Michael Bronstein, and

(2) Grant whatever other and further relief this Court deems just, proper and equitable.

8

Dated: New York, New York
August 8, 2018

                              Law Office of Z. Tan PLLC

                          By: s/Bingchen Li
                              Bingchen Li (BL4750)
                              110 East 59th Street, Suite 3200
                              New York, New York 10022
                              Phone: (212) 593-6188
                              Fax:    (888) 306-8666
                              Email:  eric.li@ncny-law.com
                              *Attorney for Defendant Michael Bronstein*