UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sarikaputar et al,

    Plaintiffs,

-against-

Veratip Corp. et al,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/29/2018

1:17-cv-00814 (ALC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs Paranee Sarikaputar, Phouviengsone Sysouvong, Supunnee Sukasawett, Vinai Patan and Wipaporn Sittidej ("Plaintiffs"), who all worked at a number of Thai restaurants allegedly owned by defendants Veratip Corp, J Akira LLC, ThaiNY Restaurant LLC, Ninety-Nine Plus Corp, 9999 Midtown Corp, Perapong Chotimaneonophan, Shue-Lee Cheng Li, Michael Bronstein[1] and Chardenpong Oonapanyo ("Defendants"), bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). Plaintiffs allege, *inter alia*, that Defendants violated the minimum wage, overtime, spread-of-hours, wage notice, pay stub and recordkeeping provisions of the FLSA and NYLL. (Compl., ECF No. 1, ¶¶ 145-83.)

Presently before the Court is Plaintiffs' motion for an Order: (1) granting collective action status of Plaintiffs' FLSA claims, pursuant to 29 U.S.C. § 216(b); (2) directing Defendants to produce certain employee contact information for employees who worked for Defendants at the Thai restaurants between February 2, 2014 and today; (3) authorizing that notice of this matter

---

[1] Defendant Michael Bronstein has moved to dismiss this action against himself only, on the basis that he has never been involved in the management of any restaurant. (Bronstein Decl. in Supp. of Mot. to Dismiss, ECF No 45.) Such motion is pending before District Judge Carter.

be sent to members of the putative class; (4) authorizing equitable tolling of the statute of limitations pending the expiration of the opt-in period; (5) directing Defendants to post an approved Notice of Pendency in conspicuous locations where prospective collective action members worked or are now working; and (6) requiring Plaintiffs to publish in English, Spanish, Thai and Lao, an abbreviated form of the Notice of Pendency, at Defendants' expense, should Defendants fail to furnish a complete list of employee contact information or if more than twenty percent of Notices of Pendency are returned as undeliverable with no forwarding addresses. (*See* Notice of Mot., ECF No. 28-1 at 2.)

For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART.

## BACKGROUND[2]

Plaintiffs worked as chefs, chef assistants, kitchen workers or otherwise assisted with appetizer and food preparation at a number of Thai restaurants located in Manhattan which were owned and/or operated by Defendants for various periods of time between January 2010 and December 2016.[3] (Pls.' Mem. of Law in Supp., ECF No. 28-11, at 3-5.) Sarikaputar worked as a chef assistant at three of the restaurants. (*Id.* at 3.) Sysouvong worked as a chef at four of the restaurants. (*Id.*) Sukasawett worked as a chef at four of the restaurants. (*Id.* at 4.) Patan worked

---

[2] At the conditional certification stage, courts "should not weigh the merits of the underlying claims," *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (citing *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)), and should not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson v. Bloomberg, L.P.*, Case No. 13-CV-2001 (JPO), 2014 WL 1088001, at *3 (S.D.N.Y. Mar. 19, 2014) (internal quotation marks omitted). Accordingly, for the purposes of resolving the collective certification motion, I treat the facts alleged by Plaintiffs as true. *See Cortes v. New Creators, Inc.*, Case No. 15-CV-5680 (PAE), 2015 WL 7076009, at *1 n.1 (S.D.N.Y. Nov. 12, 2015).

[3] None of the restaurants remains open today; all are defunct. (Defs.' Mem. of Law in Opp., ECF No. 41 at 11.)

as a kitchen worker at two of the restaurants. (*Id.*) Sittidej assisted with appetizer and food preparation at one of the restaurants. (*Id.* at 4-5.)

All five Plaintiffs have submitted sworn affidavits alleging violations of the FLSA and the NYLL. They allege they were paid a weekly or daily salary instead of an hourly rate. (Sarikaputar Aff., ECF No. 28-6, at 3-9; Sysouvong Aff., ECF No. 28-7, at 3-4; Sukasawett Aff., ECF No. 28-8, at 3, 6-7; Patan Aff., ECF No. 28-9, at 3-4; Sittidej Aff., ECF No. 28-10, at 4.) Further, they assert that they were not paid the appropriate minimum wage based on their hours worked or additional amounts for overtime as required by the FLSA. In their respective affidavits, they state that they worked over forty hours each week. Plaintiffs also state they did not receive pay stubs (*see, e.g.*, Sarikaputar Aff. ¶ 9), and that Defendants "post-dated" their paychecks. (*Id.* at ¶ 11.)

Additionally, Plaintiffs assert they were jointly employed by Defendants and that Defendants should be treated as a single employer. (Compl. ¶ 39.) In support of this assertion, Plaintiffs allege that Defendants: (1) shared employees among the four restaurants, assigning employees to work at one or more locations on a weekly schedule set by Defendants; (2) paid employees using a common paycheck for the weeks' work; (3) otherwise engaged in related activities performed through unified operations and/or common control for a shared business purpose; and (4) co-owned the business with the same partners. (*Id.*)

In support of the motion, Plaintiffs state they observed other unnamed employees—including other kitchen workers, delivery persons, waitstaff and dishwashers—working overtime, and believes, based on conversations with them, that those other employees also were not paid overtime or an adequate minimum hourly wage. (Sarikaputar Aff. at 10-11; Sysouvong Aff. at 4-6; Sukasawett Aff. at 8-12; Patan Aff. at 4; Sittidej Aff. at 4-5.) The affidavits provide the following

3

information: the names and job titles of other employees with whom each Plaintiff spoke, where and when those conversations occurred, and the name of the restaurant at which they worked together. (*Id.*)

**DISCUSSION**

**I.      Timeliness Of Motion**

As an initial matter, Defendants oppose Plaintiffs' motion on the ground that this motion is untimely. (Defs.' Mem. of Law in Opp., ECF No. 41 at 6-7.) According to the briefing schedule adopted by the Court, Plaintiffs' motion for conditional certification was due no later than March 23, 2018, Defendants' response was due April 20, 2018 and Plaintiffs' Reply was due May 4, 2018. (2/23/18 Memo Endorsement, ECF No. 27.) Plaintiffs failed to timely file their motion by March 23, or within the entire briefing period. It was not until June 28, 2018 that Plaintiffs took any action regarding the motion; on that date, they submitted a letter-motion to the Court, seeking leave to file the motion belatedly. (ECF No. 28.) In the letter-motion, Plaintiffs' counsel cited as the reason for the delay the "transition period" Plaintiffs' law firm experienced due to the departure of the firm's "Managing Associate," who had been supervising this case. (*Id.*) In response, Defendants, citing what they view as "willful misrepresentation" by Plaintiffs' counsel, argue that the departed Managing Associate was not, in fact, supervising this case, but that another associate was supervising the case, and therefore, the three-month delay in filing this motion was inexcusable. (Defs.' Mem. of Law in Opp. at 6-7.) Plaintiffs maintain that the Managing Associate was supervising the case and that no misrepresentation was made. (*See* Pls.' Reply Mem., ECF No. 43 at 4-5.)

4

Other federal courts have declined to dismiss motions for conditional certification on the basis of untimeliness. *See, e.g.*, *Galvan v. DNV GL USA Inc.*, Case No. 4:17-CV-1543, 2018 WL 2317711, at *2 (S.D. Tex. May 22, 2018) ("Although Plaintiff's Motion is untimely, the Court will consider it because the parties have not completed discovery, judicial economy weighs in favor of the collective action instead of having opt-ins filing their own actions, and the Defendant will not suffer any real prejudice from a short continuance of the current deadlines in the scheduling order.") Although Plaintiffs' counsel was certainly dilatory, Defendants have not shown any prejudice resulting from the late filing of the motion. And, denial of Plaintiffs' motion may prejudice any opt-in plaintiffs who have valid claims. Accordingly, the Court declines to deny the motion on the basis of untimeliness.

## II. Conditional Certification Of A Collective Action Under FLSA § 216(b)

Plaintiffs allege that Defendants have a widespread common policy "of understating and underpaying their employees' overtime payment[s], and willfully paying less than minimum wages as required by the FLSA." (Pls.' Mem. of Law in Supp. at 1.) Plaintiffs therefore seek conditional certification for a class including all non-managerial employees who worked at Defendants' Thai restaurants (Notice of Mot. at 2), including kitchen workers (*i.e.*, cooks, chefs and those who otherwise helped with food and appetizer preparation), delivery persons, waitstaff and cashiers. (Pls.' Mem. of Law in Supp. at 12.) Plaintiffs assert they observed other employees, including other kitchen workers, delivery people, waitstaff and dishwashers working overtime, and believe, based on conversations with those other employees, that those employees were not paid overtime or an adequate hourly wage. (Sarikaputar Aff. at 10-11; Sysouvong Aff. at 4-6; Sukasawett Aff. at 8-12; Patan Aff. at 4; Sittidej Aff. at 4-5.) Thus, Plaintiffs

5

seek certification with respect to all non-managerial employees. (Notice of Mot. at 2.) Defendants do not oppose conditional certification of kitchen workers (*i.e.*, chefs and cooks), but do oppose certification for non-kitchen workers. (Defs.' Mem. of Law in Opp. at 4.)

   A. **Legal Standard**

The FLSA provides that "any one or more employees" may bring an action against an employer "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To become a party to such an action, an employee must file written consent in the court in which the action is brought. *Id.* "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has approved a two-step method for the exercise of the Court's discretion. *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015) (citing *Myers*, 624 F.3d at 554). First, in the step known as "conditional certification," if the named plaintiffs make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" the trial court may make an initial determination to send notice to potential opt-in plaintiffs. *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the second stage, which typically occurs after discovery is complete (*Yap*, 146 F. Supp. 3d at 560), the court determines whether the opt-in are in fact "similarly situated" to the named plaintiffs; if the record reveals

that they are not, the court may "de-certify" the collective action and dismiss those plaintiffs' claims without prejudice. *Myers*, 624 F.3d at 555 (citations omitted).

1. **Burden Of Proof**

During the initial conditional certification stage, the requirement of a "modest factual showing" cannot be satisfied solely by "unsupported assertions." *Id.* However, because the purpose of this first stage is "merely to determine *whether* 'similarly situated plaintiffs do in fact exist,' plaintiffs have a low burden of proof. *Id.* (emphasis in original) (citing *Hoffmann*, 982 F. Supp. at 261); *accord Damassia v. Duane Reade, Inc.*, Case No. 04-CV-8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) ("a plaintiff's burden at this preliminary stage is 'minimal'") (quoting *Wraga v. Marble Lite, Inc.*, Case No. 05-CV-5038 (JG)(RER), 2006 WL 2443554, at *1-2 (E.D.N.Y. Aug. 22, 2006)). A showing that plaintiffs "were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class" is a sufficient basis from which to infer the "common policy" required for conditional certification at this stage. *Cortes*, 2015 WL 7076009, at *3 (citing *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007)).

2. **Evidence Considered**

Documents properly considered on a conditional certification motion "include plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.'" *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013) (quoting *Hamadou*, 915 F. Supp. 2d at 661). Conditional certification may be based solely on the personal observations of one plaintiff. *See Hernandez v. Bare Burger Dio Inc.*, Case No. 12-CV-

7

7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (granting conditional collective action certification of all tipped Bare Burger employees based on one employee's declaration) (collecting cases).

Here, five Plaintiffs have submitted declarations describing the same practices; in addition to personally experiencing these practices, they discussed them with other coworkers. Although "[t]here is a 'consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, [s]he must provide a minimum level of detail regarding the contents of those conversations or observations,'" plaintiffs are not required to provide "the times and dates" of the conversations, so long as the court "'can fairly infer' that other [employees] 'labored under similar working conditions and thus suffered the same violations of the FLSA.'" *Racey v. Jay-Jay Cabaret, Inc.*, Case No. 15-CV-8228 (KPF), 2016 WL 3020933, at *4 (S.D.N.Y. May 23, 2016); *Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 525 (S.D.N.Y. 2015); *see also Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, Case No. 17-CV-273 (LAP), 2018 WL 1737726, at *4 (S.D.N.Y. Mar. 26, 2018) ("For Plaintiffs to meet their burden, they are obligated to provide some probative information regarding similarly situated employees such as their names, their duties and their hours worked") (citations and quotation marks omitted).

### 3. Multiple Businesses

When a proposed collective action encompasses employees of multiple businesses or locations, the Court "must determine which [locations or businesses] had employees that were 'similarly situated' with regard to the allegedly unlawful overtime policies" before facilitating notice to those employees. *Trinidad*, 962 F. Supp. 2d at 557 (citing *Realite v. Ark Rests. Corp.*, 7 F.

Supp. 2d 303, 306 (S.D.N.Y. 1998)). To do this, "courts consider whether the plaintiffs have made an adequate factual showing to support an inference that . . . a uniform policy or practice exists, and whether the locations share common ownership or management." *Id.* at 558 (quoting *Hamadou*, 915 F. Supp. 2d at 662).

Even when locations or businesses share common ownership, the plaintiffs must allege sufficient facts to support an inference of a common policy across all locations or businesses. *See id.* at 559-60 (declining to authorize notice to all restaurant locations in New York City, or even to the full list of locations at which the named plaintiffs had worked, where plaintiffs failed to allege sufficient facts "supporting an inference of a common policy spanning the full subset" of those stores and their testimony seemed to describe inconsistent practices across stores).

**B. Application**

Plaintiffs seek conditional certification as to all non-managerial employees. The Court finds that, at this stage, Plaintiffs have made the requisite modest factual showing that kitchen workers, delivery persons, waitstaff and cashiers all were subject to Defendants' common employment policies or practices, and those employees should be included as putative class members. Although the affidavits Plaintiffs submitted to the Court in support of this motion were only from kitchen workers, each of the affidavits provides detailed descriptions—including names, job titles and hours worked—of the conversations Plaintiffs had with other, non-kitchen worker employees about the conditions of their employment. These declarations satisfy the "modest showing that is required of [plaintiffs] at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed

9

class." *Iglesias-Mendoza*, 239 F.R.D. at 368. However, the Court finds no proper showing as to other non-managerial employees. Thus, the Court finds that the putative class shall include kitchen workers, delivery persons, waitstaff and cashiers.

Plaintiffs further allege that Defendants' businesses are under common ownership. (Compl. ¶ 39.) They allege that the restaurants "constitute an enterprise," insofar as the restaurants: "(a) Share employees among the four locations; (b) Assign employees to work at one or more locations on a weekly schedule set by Owner/Operator Defendants depending on need, including Plaintiffs; (c) Pay employees using a common paycheck for the weeks' work . . . ; (d) and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners." (*Id*. ¶¶ 39(a)-(d).) Defendants do not dispute these allegations. Therefore, the putative class members shall include those kitchen workers, delivery persons, waitstaff and cashiers who worked at all locations of Defendants' then-operating restaurants.

### III. Time Period Of Conditional Collective Action Certification

Plaintiffs seek conditional certification of those employees who were employed by Defendants since February 2, 2014 (Notice of Mot. at 2), which is three years before the date of the filing of the Complaint.

#### A. Legal Standard

The FLSA generally affords plaintiffs two years to file a claim, unless there is a "willful violation" by defendant(s), which allows for an extension of the period to three years. 29 U.S.C. § 255(a); *Yap*, 146 F. Supp. 3d at 565. To establish a "willful violation," Plaintiffs must show that the employer either knew or acted in reckless disregard as to whether its conduct was prohibited

by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988) (citation omitted); *see also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 315 (S.D.N.Y. 2014).

As an initial matter, "notice should generally be directed to those employed within three years of the date of the mailing of the notice," given that the FLSA's "three-year statute of limitations period for willful FLSA violations runs for each individual plaintiff until that plaintiff consents to join the action." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) (citing 29 U.S.C. § 255 and *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011)). However, "because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, 'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" *Winfield*, 843 F. Supp. 2d at 410 (authorizing notice to potential opt-in plaintiffs employed by defendant within three years of the date the complaint was filed) (citing *Thompson v. World Alliance Fin. Corp.*, Case No. 08-CV-4951 (AKT), 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 n.3 (S.D.N.Y. 2007)).

**B. <u>Application</u>**

Where, as here, Plaintiffs' supporting affidavits "tend to support those allegations" that Defendants' conduct was willful, this is sufficient to impose a three-year statute of limitations. *Tello v. A.N.G. Diner Corp.*, Case No. 17-CV-749 (RRM), 2018 WL 840045, at *10 (E.D.N.Y. Feb. 12, 2018). Accordingly, the Court finds that Plaintiffs have sufficiently alleged that Defendants' actions were willful, and the statute of limitations thus is extended to three years from the date the Complaint was filed, which was on February 2, 2017. It is therefore appropriate for Plaintiffs

to send notice to all potential collective action members employed at Defendants' restaurants since February 2, 2014, with the understanding that Defendants may challenge the timeliness of individual plaintiffs' claims in the future. *See Racey*, 2016 WL 3020933, at *8.[4]

IV. **Production Of Potential Opt-In Plaintiff Information**

Plaintiffs request the Court to direct Defendants to produce a Microsoft Excel data file containing contact information, including the names, last known mailing addresses, telephone numbers, email addresses, work locations, positions and dates of employment of all potential opt-in plaintiffs. (Notice of Mot. at 2.)

A. **Legal Standard**

The turnover of employee contact information is used to effectuate the FLSA's remedial purpose. *See, e.g.*, *Morales v. Plantworks, Inc.*, Case No. 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006). Courts in this circuit "routinely grant . . . motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action" following conditional certification. *Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901, 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007) (collecting cases), *report and recommendation adopted*, ECF No. 37 (May 22, 2007). Likewise, courts "commonly grant" requests for production of mailing addresses and dates of employment for potential opt-in

---

[4] Plaintiffs request equitable tolling of the statute of limitations for ninety days until the expiration of the opt-in period. (Pls.' Mem. of Law in Supp. at 18.) Equitable tolling is applied "only in rare and exceptional circumstances." *Phillips v. Generations Family Health Ctr.*, 723 F. 3d 144, 150 (2d Cir. 2013) (citation omitted). It is appropriate "where a plaintiff has been prevented in some extraordinary way from exercising his rights." *She Jian Guo v. Tommy's Sushi Inc.*, Case No. 14-CV-3964 (PAE), 2014 WL 5314822, at *6 (S.D.N.Y. Oct. 16, 2014) (citation omitted). Plaintiffs have not demonstrated that equitable tolling is warranted here nor presented any time-barred plaintiffs. Accordingly, the Court declines to equitably toll the three-year statute of limitations.

plaintiffs. *Cortes*, 2016 WL 7076009, at *4. Plaintiffs' request for this information is thus appropriate.

With respect to the production of telephone numbers and email addresses, while courts in this district vary in their willingness to order production of this information, such methods may offer more efficient means of providing notice than first-class mail. *See, e.g.*, *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) (ordering defendants to produce a computer-readable list of the "name, last known mailing address, alternate address (if any), all known telephone numbers, and dates of employment" for potential opt-in plaintiffs); *Diatta v. Iguana New York Ltd.*, Case No. 15-CV-6399 (AT), 2016 WL 2865132, at *6 (S.D.N.Y. May 10, 2016) ("Courts routinely order discovery of names, addresses, and telephone numbers in FLSA actions"); *Racey*, 2016 WL 3020933, at *10 (ordering defendants to provide "a list of the names, addresses, telephone numbers, email addresses, and dates of employment for potential class members").

### B. Application

In the present case, Defendants' restaurants are defunct. Thus, it is important to provide notice in the best possible way. In keeping with the FLSA's remedial purpose, within twenty-one days of the date of this Opinion and Order, Defendants shall produce, in computer-readable format, the following contact information of kitchen workers, delivery persons, waitstaff and cashiers who worked at Defendants' Thai restaurants within the three-year limitations period: first and last name, last known mailing addresses (including apartment number, if applicable), last known telephone numbers, last known email addresses, work locations, position and dates of employment.

**V.      Notice Of Pendency**

The final set of issues involves the content of the Notice of Pendency to be sent to the potential opt-in plaintiffs, as well as the method by which it is sent. Plaintiffs have submitted for the Court's review a Proposed Notice (ECF No. 28-4), to which the defendants object in part.

**A.   Content of Notice**

**1.      Legal Standard**

"Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed," as court-authorized notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche*, 493 U.S. at 172. As with the conditional certification inquiry itself, a court evaluating the degree to which court-authorized notice is appropriate "does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." *Davis v. Abercrombie & Fitch Co.*, Case No. 08-CV-1859 (PKC), 2008 WL 4702840, at *9 (S.D.N.Y. Oct. 23, 2008) (citing *Lynch*, 491 F. Supp. 2d at 368-69).

"Neither the [FLSA] statute, nor the courts, specifically outline what form court-authorized notice should take, nor what provisions the notice should contain." *Lee v. ABC Carpet & Home*, Case No. 00-CV-0984 (DAB), 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008). "Under the FLSA, the content of the notice is left to the court's discretion." *Delaney*, 261 F.R.D. at 59; *accord Lopez v. JVA Indus., Inc.*, Case No. 14-CV-9988 (KPF), 2015 WL 5052575, at *4 (S.D.N.Y. Aug. 27, 2015) (noting that the FLSA "vests the district court with broad discretion" with respect to notice of pending litigation to be provided to potential opt-in plaintiffs).

"The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Whitehorn*, 767 F. Supp. 2d at 450 (quoting *Fasanelli*, 516 F. Supp. 2d at 323). To that end, notice generally should contain some or all of the following:

> (1) the purpose of the notice; (2) the nature of the lawsuit filed and the relief being sought; (3) the proposed class composition; (4) the legal effect of joining the lawsuit; (5) the fact that the court has not taken any position regarding the merits of the lawsuit; (6) how to join the lawsuit; (7) the purely voluntary nature of the decision and the legal effect of not joining the lawsuit; (8) the prohibition against retaliation; and (9) the relevant contact information for any inquiries.

*Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (citing *ABA, The Fair Labor Standards Act*, 19-78-79 (Ellen C. Kearns et al. eds., 2d ed. 2010)). Courts in this district have also held that notice should include a tenth category of information: a warning that opt-in plaintiffs may be required to provide information, appear for a deposition and/or testify in court. *See id.* at 566-67 (directing Plaintiffs to modify proposed notice to explain such a possibility) (citing *Lee*, 2008 WL 2073932, at *2-3).

### 2. **Application**

The Court finds that Plaintiffs' Proposed Notice generally contains an explanation of all categories of information discussed above, including that "[y]ou also may be asked to sit for a deposition scheduled at your convenience and/or asked to testify at a trial in the Southern District of New York Courthouse." (Proposed Notice at 4.) The Proposed Notice contains a ninety-day opt-in period. (*Id.* at 3.) The Court finds that ninety days is excessive. A sixty-day opt-in period is "consistent with FLSA practice" in this Circuit. *Whitehorn*, 767 F. Supp. 2d at 451-52 (reducing FLSA notice period from ninety to sixty days); *Yap*, 146 F. Supp. 3d at 566-67 (S.D.N.Y. 2015)

15

("[c]ourts in this Circuit routinely restrict the opt-in period to sixty days") (quoting *Fa Ting Wang v. Empire State Auto Corp.*, Case No. 14-CV-1491 (WFK) (VMS), 2015 WL 4603117, at *11 (E.D.N.Y. July 29, 2015)). Thus, the opt-in period shall be sixty days.

The Court authorizes notice to be sent to members of the putative class. However, before any distribution of the Notice, Plaintiffs shall revise the Proposed Notice to conform to the provisions as set forth in this Opinion and Order—*e.g.*, because the Court has conditionally certified a class consisting only of kitchen workers, delivery persons, waitstaff and cashiers, Plaintiffs must revise the scope of their Proposed Notice accordingly; furthermore, Plaintiffs shall reduce the opt-in period from ninety to sixty days, and the Proposed Notice shall be revised to read that the notice has "been authorized by Magistrate Judge Stewart D. Aaron," not "Aaron Stewart D," as contained in the Notice's current format. (*See* Proposed Notice at 5.)[5]

### B. Methods Of Notice

Plaintiffs propose that the finalized Notice and accompanying consent forms be mailed to potential opt-in plaintiffs via first-class mail (Proposed Order, ECF No. 28-5 at 3), and that Defendants also post them conspicuously at Defendants' restaurants or "the location where the Prospective Collective Action Members worked or are now working." (*Id.*; Notice of Mot. at 2.)

As discussed above, first-class mail may serve as efficient means of ensuring that potential opt-in plaintiffs receive timely notice. Defendants do not oppose distribution via mail. Plaintiffs'

---

[5] The current draft Notice contains the names of three Plaintiffs—Sukasawett, Patan and Sittidej—not named in the initial Complaint. Defendants oppose the addition of these three additional plaintiffs in the caption (and other portions) of the Notice, on the basis that a motion to amend the original complaint in order to add them as named plaintiffs was never filed. (Defs.' Mem. of Law in Opp. at 11.) Plaintiffs do not object. (Pls.' Reply Mem. at 10.) Plaintiffs do not object to the removal of the three names. The Court Orders Plaintiffs to amend the Notice to remove any references to Sukasawett, Patan and Sittidej as named plaintiffs.

request to mail Notice to potential opt-in plaintiffs is approved. *See Delaney*, 261 F.R.D. at 60 (ordering production of email and mailing addresses for the purpose of sending notice).

Within twenty-one days of receipt of the employee contact information furnished by Defendants, Plaintiffs shall mail the Notice and accompanying consent forms directly to members of the conditionally certified class via first-class mail. As is requested and commonly granted, Plaintiffs may mail the Notice to potential class members in English, Spanish, Lao and Thai. *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) ("Generally, courts permit notice to be 'translated into the mother tongue of non-English speaking groups of potential plaintiffs.'") (quoting *Colon v. Major Perry Street Corp.*, Case No. 12-CV-3788 (JPO), 2013 WL 3328223, at *8 (S.D.N.Y. July 2, 2013)); *accord Sanchez v. El Rancho Sports Bar Corp.*, Case No. 13-CV-5119 (RA), 2014 WL 1998236, at *5 (S.D.N.Y. May 13, 2014) (permitting Spanish-language notice forms) (citing *Moung Su Kim v. Kap Sang Kim*, Case No. 10-CV-2515 (FB) (JO), 2010 WL 2854463, at * 1 (E.D.N.Y. July 19, 2010)).[6]

Should Defendants fail to furnish a complete computer-readable data file containing the employee contact information as ordered by this Court, or should more than twenty percent of the mailed Notices be returned as undeliverable (with no forwarding address), Plaintiffs may seek leave from this Court to publish, at Defendants' expense, an abbreviated form of the Notice of Pendency in English, Spanish, Thai and Lao language newspapers. The Court then will decide at that time which forms of publication (and in which languages) are appropriate.

---

[6] In light of the fact that that none of the restaurants remains in operation, Plaintiffs' additional request to post Notices at Defendants' restaurants is moot. Additionally, Plaintiffs have not provided any caselaw, nor good cause, for why Notice should be posted at any other locations, including where the potential collective action members currently are employed. Thus, the Court declines to order that the Notice be posted at locations where prospective collection action members worked or are now working.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for conditional collective action certification is GRANTED as to kitchen workers, delivery persons, waitstaff and cashiers employed at Defendants' Thai restaurants since February 2, 2014. It is hereby ORDERED that:

(1) Within seven days of the date of this Opinion and Order, Plaintiffs shall submit to the Court a revised version of the Proposed Notice, reflecting modifications consistent with this Opinion and Order;

(2) Within twenty-one days of the date of this Opinion and Order, Defendants shall produce to Plaintiffs the employee contact information as set forth above; and

(3) Within twenty-one days of receipt of the employee contact information from Defendants, Plaintiffs shall mail the Notice of Pendency to potential opt-in plaintiffs.

**SO ORDERED.**

DATED:   New York, New York
         August 29, 2018

_____
STEWART D. AARON
United States Magistrate Judge