USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _3/22/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARANEE SARIKAPUTAR, *individually and on behalf of others similarly situated*, ET AL.,

              Plaintiffs,

-against-

VERATIP CORP. ET AL.,

              Defendants.

---

1:17-cv-814 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Paranee Sarikaputar, Phouviengsone Sysouvong, Supunnee Sukasawett, individually and on behalf of others similarly situated, and Vinai Patan and Wipaporn Sittidej (collectively, "Plaintiffs") bring this putative class action against Veratip Corp., J. Akira LLC, ThaiNY Restaurant LLC, Ninety-Nine Plus Corp., Perapong Chotimanenophan, Shue-Lee Cheng Li, Chardenpong Oonapanyo, 9999 Midtown Corp., and Michael P. Bronstein (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), 26 U.S.C. § 7434, and New York General Business Law. Defendant Michal P. Bronstein (hereinafter, "Mr. Bronstein" or "Defendant") now moves for judgment on the pleadings and a dismissal of all charges levied against him.

## PROCEDURAL HISTORY

    Plaintiffs filed their Complaint on February 2, 2017.[1] ECF No. 1. On September 7, 2017, Mr. Bronstein filed his Answer to the Complaint. ECF No. 18. Mediation held on October 25, 2017 proved to be unsuccessful because multiple defendants had yet to appear or respond. ECF

---

[1] There continue to be numerous service and appearance issues in this case. *See* ECF. However, this Motion pertains only to Defendant Bronstein, thus none of the service or appearance issues are relevant.

Nos. 20-21. On December 12, 2017, this case was referred to Magistrate Judge Stewart D. Aaron. ECF No. 22. The Parties engaged in discussions regarding discovery with Judge Aaron. ECF Nos. 24-34. On July 25, 2018, after considering letter motions from the Parties, the Court granted Mr. Bronstein leave to file his Motion for Judgment on the Pleadings. ECF No. 40. On August 8, 2018, Defendant filed his Motion along with a Declaration and Memorandum of Law. ECF Nos. 44-46. Plaintiffs filed their Opposition to Defendant's Motion on October 22, 2018. ECF Nos. 47. On October 29, 2018, Defendant filed his Reply to Plaintiffs' Opposition. ECF No. 49. Defendant's Motion is deemed fully briefed. After careful consideration, Defendant's Motion for Judgment on the Pleadings is hereby **DENIED**.

## BACKGROUND

Plaintiffs are a group of individuals who were employed by Defendants in various capacities between November 1, 2011 and December 25, 2016. ECF No. 1, ¶¶ 40, 117 ("Compl.). Plaintiffs Sarikaputar and Sysouvong were primarily employed as chefs. *Id.* ¶¶ 9-10. Defendants are a group of restaurants, corporations, and individuals. *Id.* ¶¶ 11-36. In the Complaint, Defendants are broken down into two categories: "corporate defendants" and "owner/operator defendants." *Id.* pp. 5-6. Allegedly, Mr. Bornstein was an "owner/operator defendant." *Id.* ¶¶ 33-34. Plaintiffs allege that Mr. Bronstein, along with this co-owners, shared employees, assigned work and work stations to employees on a weekly basis, paid employees through a corporate defendant, and participated in the restaurant industry as partners and a unified operation. *Id.* ¶ 39.

Plaintiffs allege that, during the period of their employment, Mr. Bronstein and his fellow employers failed to pay Plaintiffs a spread of hours, failed to provide employees with time of

2

hire notices and paystubs, and retaliated against Plaintiffs when they complained of their inadequate pay. *Id.* ¶¶ 41-47. Furthermore, the Complaint alleges that Defendants failed to compensate Plaintiffs for overtime, failed to consistently provide breaks to Plaintiffs, and required Plaintiffs to work during the breaks that were provided. *Id.* ¶¶ 53-64.

## STANDARD OF REVIEW

"When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6). Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)). This tenet, however, is "'inapplicable to legal conclusions.'" *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Simply put, to survive a Rule 12(c) motion, "[t]he complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* More specifically, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Urbina v. City of New York*, 672 Fed.Appx. 52, 54 (2d Cir. 2016) (quoting *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010)) (emphasis added). Finally, "[o]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc.*, 647 F.3d at 422.

## DISCUSSION

To be held liable for violations of the FLSA, a defendant must be an employer of the plaintiff alleging those violations.[2] The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition has been interpreted as one with "striking breadth," so that the provisions of the FLSA can have "the widest possible impact in the national economy." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Herman v. PSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

"Whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality." *Olvera v. Bareburger Group LLC*, 73 F.Supp.3d 201, 205 (S.D.N.Y. 2014) (citing *Barefield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)). Under the FLSA, a plaintiff may have more than one employer, in which case, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act …" 29 C.F.R. § 791.2(a); *see Olvera*, 73 F.Supp.3d at 205.

The Second Circuit promulgated the test for determining 'employer' status in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). The four-pronged test asks whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12. While control is an essential aspect of the 'employer' test, "such status does not require continuous monitoring of

---

[2] The standard for determining employment under the NYLL is "nearly identical" to the standard used under the FLSA. *See Olvera*, 73 F.Supp.3d at 207 (comparing 29 U.S.C.A. § 203(d) with NYLL § 190(3)).

employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." *Herman*, 172 F.3d at 139. Moreover, control may be restricted or only exercised occasionally, while still rendering a defendant as an employer. *See id.* (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988)).

Here, in line with the test outlined in *Herman*, the Complaint alleges that Defendant Bronstein, along with Chardenpong Oonapanyo, Shue-Lee Chng Li, and Perapong Chotimanenophan, were "joint employers" operating three restaurants that "share employees" and assign work to employees on a weekly basis depending on the various needs of the four different locations. Compl. ¶ 39; *see Herman*, 172 F.3d at 139. Further, Plaintiffs allege that Defendants, Mr. Bronstein included, "pa[id] employees using a common paycheck for the weeks' work using corporate Defendant J AKIRA LLC d/b/a ThaiNY." *Id.* In addition, the Complaint alleges that Mr. Bornstein and the other individual corporate Defendants named above "engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners." *Id.* Plaintiffs also allege that the corporate Defendants failed to provide employment records they were obligated to provide. *Id.*

While much of the language is "boilerplate," at this stage the allegations in Plaintiffs complaint need only be plausible and the Court must be able to make a reasonable inference that Mr. Bronstein was one of Plaintiffs' employers. *See Wallkill*, 554 F. App'x at 34. It may be the case that documents exist bolstering Mr. Bornstein's claims, but neither the Complaint nor the Answer was accompanied by exhibits shedding light on the issues presented in this Motion.

5

Based on the information presented and the facts alleged in the Complaint, the Court finds that Plaintiffs have done enough to satisfy their burden.

## CONCLUSION

At this stage in the proceedings, Plaintiffs have sufficiently alleged facts that allows the court to draw reasonable inferences that Defendant Bronstein is liable for the FLSA and NYLL violations alleged in the Complaint. For the reasons set forth above, Defendant's Motion for Judgement on the Pleadings in hereby **DENIED**.

**SO ORDERED.**

**Dated:**     **March 22, 2019**
              **New York, New York**

                                                                    _____
                                                                    **ANDREW L. CARTER, JR.**
                                                                    **United States District Judge**