USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARANEE SARIKAPUTAR, *individually and on behalf of others similarly situated*, ET AL.,

Plaintiffs,

-against-

VERATIP CORP. ET AL.,

Defendants.

1:17-cv-814 (ALC)

OPINION & ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

Paranee Sarikaputar, Phouviengsone Sysouvong, Supunnee Sukasawett, individually and on behalf of others similarly situated, and Vinai Patan and Wipaporn Sittidej (collectively, "Plaintiffs") bring this putative class action against Veratip Corp., J. Akira LLC, ThaiNY Restaurant LLC, Ninety-Nine Plus Corp., Perapong Chotimanenophan, Shue-Lee Cheng Li, Chardenpong Oonapanyo, 9999 Midtown Corp., and Michael P. Bronstein (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), 26 U.S.C. § 7434, and New York General Business Law. On March 22, 2019, the Court denied Defendant Michael Bronstein's (hereinafter, "Defendant") Motion for Judgment on the Pleadings. ECF No. 61. On March 31, Defendant filed a Motion for Reconsideration, along with supporting documents. ECF Nos. 63-64. Plaintiffs filed an Opposition to Defendant's Motion on April 15, 2019. ECF No. 67. Defendant's Motion is deemed fully briefed. After careful consideration, Defendants Motion for Reconsideration is hereby **DENIED**.

## BACKGROUND

Familiarity with the facts of this case is assumed, and a brief discussion of the facts pertinent to the disposition of this instant motion is provided for context.[1] Plaintiffs are a group of individuals who allege that they were employed by Defendants. ECF No. 1, ¶¶ 40, 117 ("Compl.). Defendants are a group of restaurants, corporations, and individuals. *Id.* ¶¶ 11-36. Plaintiffs allege that Mr. Bronstein, along with this co-owners, shared employees, assigned work and work stations to employees on a weekly basis, paid employees through a corporate defendant, and participated in the restaurant industry as partners and a unified operation. *Id.* ¶ 39. Plaintiffs allege that Mr. Bronstein and his fellow employers failed to pay Plaintiffs a spread of hours, failed to provide employees with time of hire notices and paystubs, retaliated against Plaintiffs, failed to compensate Plaintiffs for overtime, failed to provide consistent breaks to Plaintiffs, and required Plaintiffs to work during the few breaks that were provided. *Id.* ¶¶ 41-47, 53-64.

## STANDARD OF REVIEW

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Walker v. Carter*, 2016 WL 6820554, *2 (S.D.N.Y. Feb. 4, 2016) (citing *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). A court will grant such a motion in only three circumstances: where the party seeking reconsideration (1) identifies an intervening change of controlling law; (2) identifies the availability of new law; or (3) identifies the need to correct a clear error or

---

[1] For a more detailed recitation of the background in this case, see this Court's order dated March 22, 2019. ECF No. 61.

prevent manifest injustice. *See Berg v. Kelly*, 343 F.Supp.3d 419, 424 (S.D.N.Y. 2018) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *Svenningsen v. Ultimate Grounds Management, Inc.*, 2017 WL 3105871, *1 (S.D.N.Y. July 20, 2017).

The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court. *Salveson v. JP Morgan Chase & Co.*, 663 Fed.Appx.71, 75 (2d Cir. 2016) (internal quotations omitted); *Sigmon v. Goldman Sachs Mortgage Company*, 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017). In general, any decision to grant a motion for reconsideration is one supported by a showing of exceptional circumstances, such as controlling decisions or data that the court overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (exceptional circumstances include matters "that might reasonably be expected to alter the conclusion reached by the court); *Xiu Feng Li v. Hock*, 371 Fed.Appx 171, 175 (2d Cir. 2010).

## DISCUSSION

In deciding Defendant's previous Motion for Judgment on the Pleadings, the Court accepted the allegations contained in the Complaint as true and drew all reasonable inferences in favor of the non-movants. *See Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)). In doing so, while also keeping in mind that the FLSA definition of employer has been interpreted as one with "striking breadth" so that the provisions of the FLSA can have "the widest possible impact in the national

economy," the Court determined that the allegations in the Complaint were sufficient to give rise to the *plausible* inference that Defendant was an employer. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Urbina v. City of New York*, 672 Fed.Appx 52, 54 (2d Cir. 2016) (emphasis added). As stated in this Court's Opinion, the Complaint alleges that Bronstein was a joint employer, operated three restaurants that employed Plaintiffs, controlled Plaintiff's work schedules, paid Plaintiffs, failed to provide employment records, and engaged in other "unified operation[s]." Compl. ¶ 39.

Defendant alleges that Plaintiffs did not sufficiently distinguish between Defendants with specific factual allegations. Def's Mem. Supp. Mot. pp. 6-7. Defendants cite the proposition that when "a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Id.*; *see Atuahene v. City of Hartford*, 10 Fed.Appx. 33 (2d Cir. 2001); *Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*, 2012 WL 6082387, *6 (S.D.N.Y. Dec. 3, 2012). While it is true that Plaintiffs in this case named multiple Defendants, the case at hand differs significantly from the cases Defendant relies on. In those cases, the respective courts could not determine which Defendants engaged in the various conduct alleged. *See Atuahene*, 10 Fed.Appx at 33; *Ochre*, 2012 WL 6082387, *6 ("These statements do not allege which of the defendants or agents of those defendants engaged in the infringing activities."). Here, Plaintiffs allege that multiple individual corporate Defendants were joint employers. Compl. ¶ 39. Plaintiffs allege that all of their employers violated federal and state labor laws in the same way, shape, and form. It is natural that the allegations against Defendant Bronstein and the other individual corporate Defendants would be similar, if not identical. At this point, considering the reach of the FLSA, the allegations

4

contained in Plaintiffs' Complaint remain sufficient to allow the Court to make a reasonable inference that Defendant was one of Plaintiffs' employers.

## CONCLUSION

Defendant has failed to indicate exceptional circumstances that lead this Court to disturb its previously reached conclusion. *See Shrader*, 70 F.3d at 257. Defendant has not identified a change in controlling law, new law, or a need to correct a clear error or prevent manifest injustice. *See Berg*, 343 F.Supp.3d at 424. Thus, after careful consideration, Defendant's Motion for Reconsideration is hereby **DENIED**.

**SO ORDERED.**

Dated:    June 3, 2019
           New York, New York

                                      ANDREW L. CARTER, JR.
                                      United States District Judge