UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paranee Sarikaputar et al.,

                               Plaintiffs,

          -against-

Veratip Corp. et al.,

                               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2019

1:17-cv-00814 (ALC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before me is Plaintiffs' motion to amend the Complaint. (ECF No. 106.)[1] For the reasons set forth below, Plaintiffs' motion is DENIED on the basis of delay and prejudice.[2]

## BACKGROUND

Plaintiffs bring this putative class action against Veratip Corp., J. Akira LLC, ThaiNY Restaurant LLC, Ninety-Nine Plus Corp., Perapong Chotimanenophan, Shue-Lee Cheng Li, Chardenpong Oonapanyo, 9999 Midtown Corp. and Michael P. Bronstein (collectively, the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), 26 U.S.C. § 7434 and New York General Business Law. (Compl., ECF No. 1.) Plaintiffs

---

[1] In deciding this motion, the Court has considered Plaintiffs' Memorandum of Law (Pls.' Mem., ECF No. 108); the declaration of John Troy in support of Plaintiffs' motion to amend and the Exhibits appended thereto (Troy Dec., ECF No. 107); the memorandum of law in opposition submitted by Defendants Michael P. Bronstein and J Akira LLC (Opp. Mem., ECF No. 111); and Plaintiffs' reply memorandum. (Reply Mem., ECF No. 112.)

[2] Since I am denying Plaintiffs' motion on the grounds of delay and prejudice, I have authority to decide this motion under the referral to me for general pretrial purposes. *See Marsh v. Sheriff of Cayuga County*, 36 Fed. App'x 10, 11 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint" on grounds of prejudice and delay).

filed their Complaint on February 2, 2017.[3] (Compl.) On September 7, 2017, J. Akira LLC and Mr. Bronstein filed their Answer to the Complaint. (Answer, ECF No. 18.) No other defendants have appeared in this case.

On October 25, 2017, a mediation was held that was unsuccessful. (*See* 11/27/17 Order, ECF No. 20; 12/8/17 Ltr., ECF No. 21.) On December 12, 2017, this case was referred to me for general pretrial purposes. (Order of Reference, ECF No. 22.) An initial conference was held with the parties on January 29, 2018, after which I entered an Order setting a June 29, 2018 discovery deadline. (1/29/18 Order, ECF No. 25.) By Order dated July 10, 2018, the discovery deadline was extended by the Court until October 31, 2018. (7/10/18 Order, ECF No. 34.)

On July 25, 2018, District Judge Carter granted Mr. Bronstein leave to file a Motion for Judgment on the Pleadings.[4] (7/25/18 Order, ECF No. 40.) Judge Carter denied Mr. Bronstein's motion on March 22, 2019, *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101 (S.D.N.Y. 2019), and denied his motion for reconsideration on June 3, 2019. *Sarikaputar*, 2019 WL 2343215, at *1 (S.D.N.Y. June 3, 2019).

---

[3] Plaintiffs are a group of individuals who were employed by Defendants in various capacities between November 1, 2011 and December 25, 2016. (Compl. ¶¶ 40, 117). Defendants are a group of restaurants, corporations and individuals. (*Id*. ¶¶ 11-36, 39.) Plaintiffs allege, *inter alia*, that during the period of their employment, the Defendants failed to pay Plaintiffs a spread of hours, failed to provide employees with time of hire notices and paystubs and retaliated against Plaintiffs when they complained of their inadequate pay. (*Id*. ¶¶ 41-47.) The Complaint also alleges that Defendants failed to compensate Plaintiffs for overtime, failed to consistently provide breaks to Plaintiffs and required Plaintiffs to work during the breaks that were provided. (*Id*. ¶¶ 53-64.)

[4] In his letter seeking leave to file this motion, Bornstein asserted: "The Movant is an accountant by trade and has been running a small practice as a CPA. He could not and should not be liable for the alleged wage and hour claim. Defendants will demonstrate that the complaint is devoid of any substantive allegations against any defendant." (7/13/18 Ltr., ECF No. 35.)

Following this motion practice, on July 2, 2019, a new Case Management Plan was entered requiring discovery to be completed by September 30, 2019. (Case Management Plan, ECF No. 77.) In that Plan, Plaintiffs did not indicate that they desired to amend the Complaint. (*See id*. at 3.) By letter dated August 19, 2019, Plaintiffs for the first time sought leave to amend the Complaint. (8/18/19 Ltr., ECF No. 86.) On August 20, 2019, following a telephone conference with the parties, I entered an Order providing in relevant part as follows: "If Plaintiffs believe they have a good faith basis to move to amend their complaint pursuant to Fed. R. Civ. P. 15, as requested in their letter dated August 19, 2019, ECF No. 86, they shall file the motion no later than August 26, 2019." (8/20/19 Order, ECF No. 87.)

On August 26, 2019, Plaintiffs purported to file an Amended Complaint, which was rejected by the Clerk of Court since leave to file the document had not been granted. (*See* Clerk's entry at ECF No. 91.) On September 23, 2019, I entered a Text Only Order stating as follows:

> The Court's Order of 8/20/19 required Plaintiffs, if they "believe[d] they [had] a good faith basis to move to amend their complaint," to do so no later than 8/26/19. (ECF No. 87.) Plaintiffs on 8/26/19 purported to file an amended complaint without making a motion (see ECF No. 91), but that pleading was rejected by the Clerk of Court because Court leave had not been granted. Thus, the operative pleading in this case remains the Complaint, ECF No. 1.

(9/23/19 Order, ECF No. 104.)

The next day, on September 24, 2019, Plaintiffs filed their motion to amend that is currently before the Court. (Not. of Motion.) In their motion, Plaintiffs – without explanation for their delay – seek to add additional plaintiffs, as well as additional defendants. (*See* Proposed

3

First Amended Complaint ("FAC"), ECF Nos. 107-1 & 107-2.) Defendants opposed the motion (Opp. Mem.), and Plaintiffs belatedly filed a reply.[5] (Reply Mem.)

**LEGAL STANDARDS**

Leave to amend should be freely granted in the absence of prejudice to the opposing party, bad faith on the part of the movant, or undue delay of the proceedings. *Monahan v. New York City Dept. of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). In determining whether an amendment would cause prejudice, a court considers whether "the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Id*. at 284 (internal quotations omitted).

**DISCUSSION**

Plaintiffs have unduly delayed in seeking to amend their pleading in this case. The discovery period is now closed. Allowing the Plaintiffs to add additional plaintiffs and defendants, two and one-half years after the filing of the original complaint would cause defendants prejudice by requiring them to expend additional resources and, in addition, would significantly delay the resolution of the proceedings. *See Marsh*, 36 F. App'x at 11 (affirming magistrate judge's denial of motion to demand due to prejudice and delay). Mr. Bronstein should be permitted to obtain resolution of the claims against him now. If the amendment were granted, there would be extensive delays in service of the amending pleading and in reopening discovery.

---

[5] Mr. Bronstein and J. Akira ask the Court to disregard the reply since it was a day late (10/17/19 Ltr., ECF No. 113), but the Court has considered the reply in reaching its decision.

On the other hand, there is no prejudice to Plaintiffs. The plaintiffs who seek to be added to the amending pleading already have filed consents to seek redress in this case for violations of the FLSA. (*See* Consents to Become Party Plaintiff Under the F.L.S.A., ECF Nos. 7, 10, 10-1, 89, 90, 92, 99, 102; Consents to Join Class, ECF Nos. 88, 93, 94, 95, 100, 101, 103.) In addition, Plaintiffs may file a plenary action against the new defendants that Plaintiffs had sought to add.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to amend is DENIED. The Clerk of Court is respectfully requested to close the gavels at ECF Nos. 106 and 113.

**SO ORDERED.**

DATED: New York, New York
October 18, 2019

_____
STEWART D. AARON
United States Magistrate Judge