UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PARANEE SARIKAPUTAR and
PHOUVIENGSONE SYSOUVONG a/k/a
TUKTA PHOUVIENGSONE, individually
and on behalf of others similarly situated,

                               Plaintiffs,

vs.

VERATIP CORP
      d/b/a ThaiNY, d/b/a M-Thai d/b/a Thai Rice,
      and d/b/a Tom Yum;
J AKIRA LLC
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
THAINY RESTAURANT LLC
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
NINETY-NINE PLUS CORP
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
9999 MIDTOWN CORP
      d/b/a ThaiNY, d/b/a M-Thai, d/b/a Thai Rice,
      and d/b/a Tom Yum;
PERAPONG CHOTIMANENOPHAN
      d/b/a PETER CHOTIMANENOPHAN;
SHUE-LEE CHENG LI;
MICHAEL P. BRONSTEIN; and
CHARDENPONG OONAPANYO

                               Defendants,

------------------------------------------------------------------------ x

Case No.: 17-cv-814-ALC-SDA

**MEMORANDUM OF LAW**

## **MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS MICHAEL BRONSTEIN'S MOTION FOR SUMMARY JUDGMENT**

Bingchen Li, Esq. (BL4750)
Law Office of Z. Tan PLLC
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:   (718) 679-9122
Email: eric.li@ncny-law.com
*Attorney for Michael Bronstein*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITY**.................................................................................... 3
**PRELIMINARY STATEMENTS** ...................................................................... 4
**PROCEDURAL HISTORY** ............................................................................... 4
**STATEMENT OF FACTS**.................................................................................. 6
**ARGUMENTS** .................................................................................................... 8
    1)    **STANDARD OF REVIEW** …………………………………………...8
    2)    **THE ECONOMIC REALITY TEST**……………………………………9
    3)    **BRONSTEIN IS NOT AN EMPLOYER**……………………………….10

**CONCLUSION** ................................................................................... ...13

# **TABLE OF AUTHORITIES**

**Case Law**

Young v. United Parcel Serv., Inc., 575 U.S. 206 (2015) .................................................... 8

Balderman v. U.S. Veterans Admin., 870 F.2d 57 (2d Cir. 1989). ……………….........8, 9

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) …………………………..9, 12, 13

Hart v. Rick's Cabaret International, Inc., 967 F.Supp.2d 901 (S.D.N.Y 2013).………….9

Lopez v. Acme American Envtl. Co., 2012 WL 6062501 (S.D.N.Y 2012) ....................... 9

Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999) ………………………..9

Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. 1984) ............................ 9, 10

Irizarry v. Catsimatidis, 722 F. 3d 99 (2d Cir. 2013) ………………..………………..10

**Statutes**

Fed. R. Civ. P. Rule 56 ..................................................................................................... 4, 8

29 U.S.C. § 216(b) …………………………………………………………………….…4

Fed. R. Civ. P. Rule 12(c) …………………………………………………………….....5

29 U.S.C. § 203(d) …………………………………………………………………….…9

**PRELIMINARY STATEMENTS**

The defendant Michael Bronstein ("Bronstein" or "Defendant"), by Bingchen Li, Esq., his attorney of record, respectfully submits this Memorandum of Law in support of Defendant's Motion for Summary Judgment to dismiss all claims against Bronstein, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

We will demonstrate below that Defendant's Summary Judgment Motion is warranted because there is little evidence in the record supporting Plaintiffs' allegation that Defendant is liable as an employer. In addition, there does not exist any material dispute of facts which would allow a reasonable jury to find Defendant liable under either FLSA or NYLL. Therefore, Bronstein is not liable as an employer.

**PROCEDURAL DISTORY**

Plaintiffs commenced this action by way of Summon and Complaint (*See Complaint, ECF 1, (Compl.)*) on February 2, 2017. Defendant responded by filing an Answer and Affirmative Defenses on September 7, 2017. After a failed mediation, parties submitted a briefing schedule for Plaintiffs' 216(b) Conditional Collective Class Motion and this Court so-ordered it on February 23, 2018 (*see ECF 27*) as follows:

> *Plaintiffs' motion due March 23, 2018;*
> *Defendant's opposition due April 20, 2018; and*
> *Plaintiffs' reply due May 4, 2018.*

However, Plaintiffs did not attempt to make the said 216(b) motion until more than three months later on June 28, 2018 (*see ECF 28*). Along with the belated 216(b) motion, Plaintiffs submitted Plaintiffs' affidavits and declaration (*see ECF 28-6, 28-7, 28-8, 28-9, and 28-10*). Over Defendant's objection, this Court granted Plaintiffs' belated motion (*see ECF 34 & 50*).

On August 8, 2018, Defendant filed a Fed. R. Civ. P. 12(c) Motion to Dismiss on Pleadings to dismiss all claims against Bronstein. Despite the scarcity of any material substantive allegations supporting Plaintiffs' baseless claim that Bronstein is an employer to Plaintiffs, this Court denied Defendant's motion (*See Opinion & Order, ECF 61*) relying on the following allegations:

> "the Complaint alleges that Defendant Bronstein … were 'joint employers' operating three restaurant that 'share employees' and assign work to employees on a weekly basis depending on the various needs of the four different locations." (See Compl. ¶ 39)… Further, Plaintiffs allege that Defendants, Mr. Bronstein included, 'pa[id] employees using a common paycheck for the weeks' work using corporate Defendant J Akira LLC d/b/a ThaiNY.' Id. In addition, the Complaint alleges that Mrs. Bronstein and the other individual corporate Defendants named above 'engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.' Id."

This Court in turn denied Defendant's Motion for Reargument (*See Order & Opinion, ECF 71*). However, it turns out that these are at best frivolous allegations against Defendant that Plaintiffs have not even attempted to support. Parties exchanged

5

discovery responses, but Plaintiffs have never deposed Defendant. We will demonstrate below that the lack of evidence to support Plaintiffs' frivolous allegations is so astounding that we cannot help to call into question Plaintiffs' and their counsel's motive to bring this action against Defendant.

## STATEMENT OF FACTS

J Akira LLC, a New York limited liability company, was formed on or about February 10, 2011. It started operating a restaurant located at 200 Eighth Avenue, New York NY 10011 shortly thereafter, specializing in Thai cuisine (the "Restaurant"). PERAPONG CHOTIMANENOPHAN d/b/a PETER CHOTIMANENOPHAN managed the Restaurant since its inception until its closure (*See Bronstein Declaration ¶ 9; Sarikaputar Affidavit, ECF 28-6 ¶ 13; Sysouvong Declaration, ECF 28-7 ¶ 4; Sukasawett Affidavit, ECF 28-7 ¶¶ 17 and 22; Sarikaputar Discovery Response, Exhibit B ¶¶ 12 & 20; Patan Discovery Response, Exhibit C ¶ 14; Sukasawett Discovery Response, Exhibit D ¶ 12; and Sittidej Discovery Response, Exhibit F ¶¶ 10 and 13-16*). Bronstein has never been involved in the management or the operation of the Restaurant. Nor has Bronstein ever participated in the management or operation of any defendant restaurant in this action (*See Bronstein Declaration ¶ 8; Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25; Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*).

Specifically, Bronstein has never set working schedule for any plaintiff or any employee at any defendant restaurant. Bronstein has never interviewed, hired or fired

6

any plaintiff or any employee at any defendant restaurant. Bronstein has never maintained payroll or employment record for any plaintiff or any employee at any defendant restaurant. Bronstein has never supervised or controlled any plaintiff or any other employee at any defendant restaurant. Bronstein has never determined the rate or the method of payment of any plaintiff or any other employee at the any defendant restaurant (*See Bronstein Declaration ¶¶ 8-19, Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25; Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*).

  Moreover, Bronstein has never had power or authority to set working schedule for any plaintiff or any employee at any defendant restaurant; to interview, hire or fire any plaintiff or any employee at any defendant restaurant; to maintain payroll or employment record for any plaintiff or any employee at any defendant restaurant; to supervise or control any plaintiff or any other employee at any defendant restaurant; to determine the rate or the method of payment of any plaintiff or any other employee at the any defendant restaurant (*See Bronstein Declaration ¶¶ 8-19, Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25; Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*).

  Rather, Bronstein does not speak the plaintiffs' native languages and has never met with the plaintiff or spoken to any plaintiff (*See Bronstein Declaration ¶ 3*).

7

Bronstein is CPA by trade, working off an office located at 875 6th Avenue, Suite 1703, New York, NY 10001 (Tel: 212-967-7638) (*See Bronstein Declaration ¶ 2*).

Furthermore, between 2006 and 2016 Bronstein was heavily involved with a publishing company, Patricia Ann Publishing ("Patricia Ann") in its publishing of Historical Collections Editions (*See Exhibit A: Copy of one Historical Collection Editions issue*). Bronstein served as the President and CEO of Patricia Ann, working off its offices in NYC and Fort Lauderdale. frequently traveling throughout the country to meet with wholesalers, distributors and printers. Patricia Ann ended its business in 2015 and ceased publishing, but Bronstein's involvement with Patricia Ann did not end until 2016 when it resolved all its liability with the vendors (*See Bronstein Declaration ¶¶ 5-7*).

Accordingly, Bronstein was not an employer under FLSA or NYLL and hence not liable as an employer.

## ARGUMENTS

**1)   STANDARD OF REVIEW**

"The court should grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. "A party asserting that a fact cannot be disputed must support the assertion by… (B) showing that the materials cited do not establish the presence of a genuine dispute." *Fed. R. Civ. P. 56(c)*. Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Young v. United Parcel Serv., Inc., 575 U.S. 206, 216 (2015)*. Whether any

disputed issue of material fact exists is for the Court to determine. *Balderman v. U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989)*. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for jury to return a verdict for that party; if the evidence is merely colorable or is not significant probative, summary judgment may be granted. *Id., at 249-250*. If defendant in a run-of-the-mill civil case moves for summary judgment or for directed verdict based on the lack of proof of a material fact, the judge must ask himself, not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented.

2) **THE ECONOMIC REALTY TEST**

Bronstein would have to be an employer to be jointly and severally liable. Under 29 U.S.C. § 203(d), "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. In this Circuit, the "economic reality test" is adopted to determine individual defendant's liability under FLSA. *Hart v. Rick's Cabaret International, Inc., 967 F.Supp.2d 901 (S.D.N.Y. 2013)*, *Lopez v. Acme American Envtl. Co., 2012 WL 6062501 (S.D.N.Y. 2012)*, and *Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999)*.

"It is common ground that courts, in determining whether an employment relationship exists for purpose of the FLSA, must evaluate the

'economic reality' of the relationship." *Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir 1984)*. "[T]he determination of whether an employer-employee relationship exists for purpose of the FLSA [is] grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013)*. "The 'economic reality' test since has been refined and now is understood to include inquiries into: 'whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter 735 F.2d at 12*.

**3)** **BRONSTEIN IS NOT AN EMPLOYER**

In the instant action, after discovery the record is complete devoid of any evidence to support Plaintiffs baseless and frivolous allegation that Bronstein was an employer.

Bronstein has never interviewed, hired or fired any plaintiff or any other employee of any defendant restaurant and Bronstein has never had authority to interview, hire or fire any plaintiff or any other employee at any defendant restaurant (*See Bronstein Declaration. ¶¶ 8-19; Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25; Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*). Most importantly, none of Plaintiffs' affidavits, declarations or discovery responses, contradicts the facts stated above (*See ECF 28-6, 28-7, 28-8, 28-9, and 28-10*). Four of the five

plaintiffs have not ever met Bronstein (*see Sarikaputar Discovery Response, Exhibit B ¶ 23; Patan Discovery Response, Exhibit C ¶ 23; Sukasawett Discovery Response, Exhibit D ¶ 23; Sysouvong Discovery Response, Exhibit E ¶ 23; and Sittidej Discovery Response, Exhibit F ¶ 23*). The only person who allegedly have met Bronstein fails to provide any material admissible evidence supporting his allegation that Bronstein is an employer (*see Sarikaputar Discovery Response, Exhibit B ¶ 23*).

As to the second prong, Bronstein did not supervise or control any plaintiff or any other employee at any defendant restaurant and Bronstein has never had power to supervise or control any plaintiff or any other employee at any defendant restaurant (*See Bronstein Declaration. ¶¶ 8-19; Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25; Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*). Most importantly, none of Plaintiffs' affidavits and declarations contradicts the facts stated above ((*See ECF 28-6, 28-7, 28-8, 28-9, and 28-10*)).

As for the third prong, Bronstein has never determined any plaintiff or any other employee's salary or method of payment at any defendant restaurant and Bronstein has never had power to determine any plaintiff or any other employee's salary or method of payment at any defendant restaurant (*See Bronstein Declaration. ¶¶ 8-19; Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25;*

11

*Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*). Most importantly, none of Plaintiffs' declarations contradicts the facts stated above (*See ECF 28-6, 28-7, 28-8, 28-9, and 28-10*).

As for the last prong, Bronstein has never maintained payroll or employment records and Bronstein has never had power to maintain payroll employment record (*See Bronstein Declaration. ¶¶ 8-19; Sarikaputar Discovery Response, Exhibit B ¶¶ 10-16 and 23-25; Patan Discovery Response, Exhibit C ¶¶ 10-16 and 23-25; Sukasawett Discovery Response, Exhibit D ¶¶ 10-16 and 23-25; Sysouvong Discovery Response, Exhibit E ¶¶ 10-16 and 23-25; and Sittidej Discovery Response, Exhibit F ¶¶ 10-16 and 23-25*). Most importantly, none of Plaintiffs' declarations contradicts the facts stated above (*See ECF 28-6, 28-7, 28-8, 28-9, and 28-10*).

Rather it was PERAPONG CHOTIMANENOPHAN d/b/a PETER CHOTIMANENOPHAN who was managing the defendant restaurant in all respects (*See Bronstein Declaration ¶ 9; Sarikaputar Affidavit, ECF 28-6 ¶ 13; Sysouvong Declaration, ECF 28-7 ¶ 4; Sukasawett Affidavit, ECF 28-7 ¶¶ 17 and 22; Sarikaputar Discovery Response, Exhibit B ¶¶ 12 & 20; Patan Discovery Response, Exhibit C ¶ 14; Sukasawett Discovery Response, Exhibit D ¶ 12; and Sittidej Discovery Response, Exhibit F ¶¶ 10 and 13-16*).

When ruling on a defendant's motion for summary judgment or a directed verdict in favor of plaintiff, mere existence of a scintilla of evidence in

support of the plaintiff's position will not be sufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson, 477 U.S. at 252*. Plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment, even where the evidence is likely to be within the possession of the defendant, as long as plaintiff has had a full opportunity to conduct discovery. *Id. at 257*.

In the instant action, Plaintiffs fail to provide any evidence to support their baseless and frivolous allegations that Bronstein was an employer. Therefore, the lack of any affirmative and admissible evidence to support Plaintiff's baseless and frivolous allegation that Bronstein is an employer warrants a summary judgment to dismiss all claims against Bronstein for the period.

After all, Plaintiffs do not even believe that Bronstein has knowledge or information concerning allegations contained in the Complaint (*see Sarikaputar Discovery Response, Exhibit B ¶ 1; Patan Discovery Response, Exhibit C ¶ 1; Sukasawett Discovery Response, Exhibit D ¶ 1; Sysouvong Discovery Response, Exhibit E ¶ 1; and Sittidej Discovery Response, Exhibit F ¶ 1*).

## CONCLUSION

Accordingly, there is enough admissible evidence in the record to warrant a summary judgment to dismiss all claims against the defendant MICHAEL BRONSTEIN. Moreover, Plaintiffs fail to provide any affirmative admissible evidence to show a genuine dispute or material facts. As a result, this Court should grant the defendant MICHAEL BRONSTEIN's summary judgment motion in its entirety.

**WHEREFORE**, Defendant respectfully requests that this Court to

(1) Grant the Defendant's Motion for Summary Judgment to dismiss all claims against the defendant MICHAEL BRONSTEIN; and

(2) Grant whatever other and further relief this Court deems just, proper and equitable.

Dated: Nassau, New York
       February 18, 2020

>                    Law Office of Z. Tan PLLC
>
>                    By: /s/Bingchen Li
>                        Bingchen Li, Esq. (BL4750)
>                        39-07 Prince Street, Suite 3B
>                        Flushing, New York 11354
>                        Phone: (718) 886-6676
>                        Fax:   (718) 679-9122
>                        Email: eric.li@ncny-law.com
>                        *Attorney for the defendant*
>                        *Michael Bronstein*