USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _8/7/2020_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**PARANEE SARIKAPUTAR,** *individually and on behalf of other similarly situated*, **et al.,**

**Plaintiffs,**

-v.-

**VERATIP CORP. ET AL.,**

**Defendants**

**17-CV-814 (ALC)**

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Paranee Sarikaputar, Phouviengsone Sysouvong, Supunnee Sukasawett, individually and on behalf of others similarly situated, and Vinai Patan and Wipaporn Sittidej (collectively, "Plaintiffs") bring this action against Veratip Corp., J Akira LLC, ThaiNY Restaurant LLC, Ninety-Nine Plus Corp., Perapong Chotimanenophan, Shue-Lee Cheng Li, Chardenpong Oonapanyo, 9999 Midtown Corp., and Michael P. Bronstein (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York General Business Law. Defendant Bronstein ("Defendant") moves for summary judgment. For the reasons set forth below, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiffs were employed by Defendants—a group of restaurants, corporations, and individuals—in various capacities between November 1, 2011 and December 25, 2016. *See* Complaint ("Compl.") (ECF No. 1) at ¶¶ 40, 117. Plaintiffs allege various willful and unlawful employment policies, patterns, and practices. *See id.* at ¶1. These include failure to pay a spread-of-hours, failure to provide employees with time of hire notices and paystubs, and retaliation for

complaining of inadequate pay. *Id.* at ¶¶41–47.  The Complaint also alleges that Defendants failed to compensate Plaintiffs for overtime, failed to consistently provide Plaintiffs breaks, and required Plaintiffs to work during the breaks that were provided. *Id.* at ¶¶53–64.  Bronstein is alleged to be an owner/operator defendant who, along with his co-owners, shared employees, assigned work and work stations to employees, paid employees through a corporate defendant, and participated in the restaurant industry as partners and a unified operation. *Id.* at ¶39.

The Parties agree that Mr. Bronstein is a certified public accountant, *see* Rule 56.1 Statement ("56.1 Statement") (ECF No. 128) at ¶1, but agree on little else about his employment. The Parties dispute whether Bronstein ever met or spoke to any plaintiff. *Compare* 56.1 Statement at ¶3 ("Bronstein has never met any plaintiff or spoken to any plaintiff."), *with* Counterstatement to Rule 56.1 Statement ("Counterstatement") (ECF No. 130) at ¶3 ("Bronstein spoke with employees, including plaintiffs, to instruct them how to perform their job duties.").  The Parties dispute whether Bronstein has ever had any role, power, or authority in the operation or management of any Defendant restaurant. *Compare* 56.1 Statement at ¶9 ("Bronstein has never been involved or had any role, power, or authority in the operation or the management of any aspect of any defendant restaurant or any restaurant in his entire life, including without limitation, J Akira."), *with* Counterstatement at ¶9 ("Bronstein was a part-owner of J Akira LLC, kept the books and records of J Akira LLC, prepared the employee payroll for J Akira LLC, was responsible for ensuring that employees of J Akira LLC and ThaiNY Restaurant LLC complied with the Alcoholic Beverage Control law, and supervised and instructed employees, including plaintiffs, in the performance of their job duties.").  The Parties dispute whether Bronstein determined the rate or method of payment for any Plaintiff.  *Compare* 56.1 Statement at ¶13 ("Bronstein has never determined the rate or the method of payment of any plaintiff or any other employee at any

2

defendant restaurant."), *with* Counterstatement at ¶13 ("Bronstein prepared the payroll for J Akira LLC."). And finally, the Parties dispute whether Bronstein ever set the work schedule for any Plaintiff. *Compare* 56.1 Statement at ¶15 ("Bronstein has never set the work schedule for any plaintiff or any other employee at any defendant restaurant."), *with* Counterstatement at ¶15 ("Bronstein determined what tasks employees would perform, and when, on a moment-to-moment basis when he was present at the restaurant."). The Parties do agree that Bronstein never interviewed, hired, or fired any Plaintiff. *See* 56.1 Statement at ¶22.

Plaintiffs filed their Complaint on February 2, 2017. ECF No. 1. Defendant Bronstein moved for judgment on the pleadings and the Court denied his motion because Plaintiffs' allegations were plausible and the Court could make a reasonable inference that Bronstein was one of Plaintiffs' employers. *See* Opinion & Order (ECF No. 61) at 5. After discovery, Bronstein filed a motion for summary judgment on February 18, 2020. ECF Nos. 124–128. Plaintiff replied on March 10, 2020. ECF Nos. 129–131. To date, Defendant has not replied even though Defendant's reply was due by March 17, 2020. The Court deems Defendant's motion fully briefed.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law.*" Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (quotation marks omitted); *see also* FED. R. CIV. P. 56(a). Material facts are facts that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. An issue of fact is "genuine" when a reasonable fact finder can render a verdict in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

genuine issue for trial.") (quotation marks omitted). "[T]he court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) (quoting *Marvel Characters v. Simon*, 310 F.3d 280, 285–86 (2d Cir. 2002)). If the moving party meets its burden, the burden shifts to the non-moving party to bring forward "specific facts showing a genuine issue for trial." *Gen. Ins. Co. of Am. v. Starr Indem. & Liab. Co.*, No. 14-CV-7354, 2016 WL 4120635, at *4 (S.D.N.Y. July 22, 2016) (citation omitted); *see also* FED. R. CIV. P. 56(c). The non-moving party "may not rest upon mere allegation[s] or denials of his pleadings," *Anderson*, 477 U.S. at 259. Rather, the non-moving party must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and these facts must be "admissible in evidence." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (quoting FED. R. CIV. P. 56(e)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," *Anderson*, 477 U.S. at 247–48 (emphasis in original), and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 50 (citations omitted).

## DISCUSSION

Defendant's motion turns on whether he qualifies as an "employer" for purposes of the FLSA and NYLL.[1] If he does, then he may be subject to liability; if he does not, then the Court

---

[1] "The standard for determining employment under the NYLL is 'nearly identical' to the standard used under the FLSA." Opinion & Order at 4 n.2 (citing *Olivera v. Bareburger Group LLC*, 73 F.Supp.3d 201, 207 (S.D.N.Y. 2014)).

must dismiss the claims against him.  Employment for FLSA purposes is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008).  "As the Second Circuit has recognized, the determination of joint employer status is rarely appropriate to make at the summary judgment stage, '[b]ecause of the fact-intensive character of the determination of joint employment.'" *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 941 (S.D.N.Y. 2013) (quoting *Barfield*, 537 F.3d at 144 (2d Cir. 2008).

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  "The Supreme Court has emphasized that this is an expansive definition with 'striking breadth.'" *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)).  A plaintiff may have more than one employer, in which case, "all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA]." 29 C.F.R. § 791.2(a).  "[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Barfield*, 537 F.3d at 141 (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).  The economic reality test asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).  There are also a number of factors that are pertinent to determining whether a person exercises "functional control" over an employee, including: "(1) whether [the alleged employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business that

could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line job that was integral to [the alleged employers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers]." *Olvera*, 73 F. Supp. 3d at 206 (quoting *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71–72 (2d Cir. 2003)).

There are genuine factual disputes regarding Bronstein's role in the alleged violations. For example, Bronstein alleges that he never met or spoke with Plaintiffs; that he had no role in the operation or management of any Defendant restaurant; and that he did not determine the method of payment or work schedule for any Plaintiff. Plaintiffs, on the other hand, allege that Bronstein was a part-owner of J Akira LLC; that he not only spoke with Plaintiffs but instructed them how to perform their duties; and that he prepared the employee payroll for J Akira LLC and kept the books and records. The Parties' affidavits submitted to support their assertions were submitted under oath and penalty of perjury. At the summary judgment stage, the Court is not supposed to "weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (citing *Anderson*, 477 U.S. at 249). When there are dueling affidavits, as there are in this case, it is inappropriate for the court to weigh the credibility of the affidavits at the summary judgment stage. *See, e.g.*, *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 446 (S.D.N.Y. 2012) ("Resolving these differing versions of the events into a coherent whole involves assessments of the parties' credibility and choosing between conflicting narratives, which the Court is unable to do solely on the basis of affidavits."). The question of whether Bronstein is an employer is a mixed

6

question of law and fact that should be decided at trial. *See Redzepagic v. Hammer*, 14-CV-9808, 2017 WL 780809, at *11 (S.D.N.Y. Feb. 27, 2017) ("The question of whether an individual is an employer under the FLSA is a mixed question of law and fact and individual employer liability is therefore 'rarely suitable for summary judgment.'"). Resolving disputes in Plaintiffs' favor as the non-moving Party, these factual disputes are genuine because a reasonable fact finder could conclude that Bronstein was one of Plaintiffs' employers.

These genuine factual disputes are also material because they will likely affect the outcome of the case. Indeed, the factual disputes go to the heart of the economic reality test—i.e., whether Bronstein had the power to hire and fire employees; whether Bronstein supervised and controlled employees' work schedules; and whether Bronstein maintained records and accounts for Defendant restaurants. These disputes could establish Bronstein as either a formal or a functional employer of Plaintiffs for purposes of the FLSA and NYLL claims. This determination, in turn, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. Accordingly, the factual disputes regarding Bronstein's status as Plaintiffs' alleged employer are material to this case and must be decided at trial.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant Bronstein's motion for summary judgment. This case is now ready for trial. The Parties should submit a joint status report within seven days of the issuance of this Opinion indicating how they would like to proceed, how long they anticipate the trial lasting, and a proposed schedule for any pre-trial motions.


**SO ORDERED.**

**Dated:  August 7, 2020**
          **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**